Hoff et al., Appellants, *v.* Hoff et al.

Argued April 13, 1938.

432

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Allison D. Wade*, for appellants.

*John D. McIntyre*, with him *Clyde E. Donaldson* and *R. Pierson Eaton*, for appellee.

OPINION BY RHODES, J., September 28, 1938:

Appellants in these two cases are husband and wife, who were plaintiffs in an action of trespass against the father of the husband for personal injuries sustained by the wife as a passenger in an automobile driven by the father. Verdicts and judgments were in favor of plaintiffs, and attachment executions were issued on behalf of plaintiffs severally against defendant's insurance carrier as garnishee. Interrogatories were filed and answered to the effect that the garnishee had issued to defendant a policy of insurance against claims for personal injuries caused by the operation of his automobile, but disclaimed liability under the policy for the judgments in question because plaintiffs were at the time of the accident members of defendant's family, residing in the same household.

The policy insured defendant against claims for bodily injury or death resulting therefrom "accidentally inflicted upon any person or persons excepting agents, members of the assured's family ......," and some other classifications here immaterial. The policy contained this further definition: "...... member of

assured's family shall be defined as any person residing in the same household with the assured and related to him by blood or marriage and shall also include regardless of their place of residence those related to the assured as follows: husband, wife, father, mother, son, daughter, brother or sister."

The issue thus raised by interrogatories and answers was in each case submitted to a jury.

The evidence was uncontradicted that plaintiffs, their six year old son, and the parents of husband plaintiff occupied one dwelling house of six rooms, which was owned by defendant. The first floor of the house consisted of a front living room, dining room, and kitchen; between the living room and dining room there was a small sitting room, separated from the dining room by only a large archway. The dining room also opened through French doors upon a porch. The upper floor consisted of front, center, and back bedrooms, and a bathroom.

Plaintiffs and their child came to live at the house in 1932, several months prior to the accident, bringing their own furniture, and occupying the living room, front and center bedrooms, which were furnished with their furniture, except defendant's piano which remained in the living room. This living room was separated by French doors from the rest of the house, and had its own entrance from the vestibule. The other rooms were used and furnished by defendant and his wife. The kitchen and bathroom were necessarily used by all in common. Usually, separate meals were prepared and served by defendant's wife for defendant and herself, and by wife plaintiff to her husband, her son, and herself. At times plaintiffs' meals were served on the sun porch. Occasionally one meal was served for all indiscriminately. Wife plaintiff did most of the housework in return for plaintiffs' occupying their rooms rent free. The two grocery accounts were kept sepa-

rate. The telephone, electricity, and gas service bills were arbitrarily divided in half between defendant and his son, but the latter paid for the extra telephone listing. Their milk was bought from different dairies. The provisions, kitchen utensils, and dishes were separated; there were radios in both living rooms; there were two telephones having the same number, and two sets of laundry equipment and cleaning equipment. There were separate and distinct libraries, plaintiffs having theirs in the front bedroom, and defendant having his in his living room and in the hall on the first floor. Plaintiffs entertained their guests in their own rooms, using their own utensils and dishes.

On this testimony the question whether plaintiffs were members of defendant's household was given to the jury in each case, and in each case a verdict was rendered for the plaintiff against the garnishee. The court, however, in each case granted garnishee's motion for judgment n. o. v., and these appeals followed.

The question here involved is whether plaintiffs, at the time of the accident, on July 7, 1933, were persons residing in the same household with defendant, who was the assured. In its opinion granting garnishee's motions for judgment n. o. v., the court below stated: "It is urged on the behalf of the plaintiff that on account of the manner in which the details of the domestic economy of this household were worked out, the relationship amounted to two households occupying the same one family house. How can this be possible? It seems that the picture presented by the intimate details given us by Franklin Hoff is just 'the young folks' coming home to live with the 'old folks' and both taking wise precautions to avoid the bickerings which so often arise under similar circumstances when such precautions were not taken. Webster defines household 'those who dwell under the same roof and compose a family' and here we have father and mother, son and

daughter-in-law and grandson, certainly a family in the usual sense of the word dwelling together under the same roof and in a typically one family house."

Had plaintiffs and their son on the one hand, and defendant and his wife on the other continued to live in separate houses or apartments, they, without doubt, would have constituted two families or two households notwithstanding their relationship. Each group would have been a distinct and separate domestic establishment with its own head. When these two families arranged to live in one dwelling the result was not necessarily the creation of one household. The term "household" is generally recognized as somewhat broader in its implication than the term "family." It is possible that those constituting a family may become a part of another's household, although the words "family" and "household" are often interchangeably used. See 2 Words and Phrases, 2d Series, p. 919. Cf. *State Farm Mutual Automobile Ins. Co. v. James,* 80 F. (2d) 802 (4th C. C. A.). In *Bair v. Robinson,* 108 Pa. 247, both terms are used in the opinion of Mr. Justice Gordon, which states "that all persons who dwell together under a common head as a household are embraced by the word 'family'."

The term "household" is defined in Webster's New International Dictionary as follows: "Those who dwell under the same roof and compose a family; a domestic establishment; family." The definition given in the New Century Dictionary is: "The inmates of a house collectively; a family, including servants, etc.; a domestic establishment."

From the definitions it is obvious that household means a domestic establishment under a single head or management, and, in our opinion, the term is so used in defendant's policy.

Neither relationship nor the presence of all the parties within one dwelling is the determining factor, but

rather the existence of such domestic arrangements and circumstances as would create separate domestic establishments, each having its own head and separate management. Sole control of the entire dwelling by husband plaintiff was not necessary in order that it might be the abode of his own household; nor did the fact that defendant owned the dwelling in which plaintiffs and their son resided, and in which defendant and his wife also lived, make him the head of a household which included plaintiffs and their son, as contemplated by the terms of defendant's policy. Plaintiffs furnished and controlled their own rooms; their family life functioned separately and apart from that of defendant and his wife; they made their own purchases of provisions and other necessities, and separately maintained themselves; they used their own utensils and household equipment; they entertained their guests in the same manner as they would if they had lived separate and apart from defendant. From the method of living and the domestic arrangements, the jury could properly conclude that there were two separate households under one roof, husband plaintiff being the head of one, and defendant head of the other. In our opinion, under the facts, it cannot be held as a matter of law that plaintiffs were "residing in the same household with the assured [defendant]." The verdicts of the juries must therefore be sustained.

Judgments of the court below are reversed, and the records are remitted that judgment may be entered on the verdict in favor of Olive Hoff v. Automobile Underwriters, Inc., Attorney in Fact for Subscribers at State Automobile Insurance Association, Garnishee, No. 47, April Term, 1938, and on the verdict in favor of Franklin Hoff v. Automobile Underwriters, Inc., Attorney in Fact for Subscribers at State Automobile Insurance Association, Garnishee, No. 48, April Term, 1938.