## Burdsall *v.* Mutual of Omaha Insurance Company, Appellant.

Argued December 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*William J. Toy,* with him *Thomas J. Reilly* and
*Walter B. Gibbons,* for appellant.

*Bernard P. Carey, Jr.,* for appellee.

OPINION BY WRIGHT, J., March 24, 1966:

We are here concerned with an action in assumpsit
instituted on November 19, 1963, by Catherine E. Burd-
sall as administratrix of the estate of her deceased hus-
band, James F. Burdsall, to recover benefits allegedly
due under a Hospital Policy issued to the decedent by
Mutual of Omaha Insurance Company. The pleadings
consist of a complaint, an answer with new matter and
a reply. Following a pretrial conference, the court ad-
ministrator recommended that the matter be referred
to a board of arbitrators. Counsel for the parties there-
after stipulated that the action be withdrawn from ar-
bitration and submitted, as a case stated, to a judge
sitting without a jury. On November 4, 1964, the trial
judge rendered a verdict in favor of the defendant, to
which the plaintiff filed exceptions. On April 20, 1965,
these exceptions were sustained, the verdict was re-
versed, and judgment was entered in favor of the plain-
tiff in the sum of $675.00 with interest from February
28, 1963. Upon defendant's motion, a rule for recon-
sideration was granted with stay of proceedings. On
June 15, 1965, the rule was discharged and final judg-
ment entered. This appeal followed.

On July 1, 1959, appellant issued to Burdsall its
policy No. 31HO-186275-59MN which called for the
payment of $13.00 daily hospital room benefits, and
also for the payment of certain surgical benefits. An
endorsement placed on the policy at the time of issue

provided as follows: "This policy is issued on the condition that benefits shall not accrue for disability resulting from tumor or malignant growth". While the policy was in force, Burdsall was confined to a hospital for a period of twenty-five days because of an adeno-carcinoma of his right kidney, a malignant condition which necessitated removal of the kidney and caused his death. Under the policy schedule, the limit of appellant's liability, if any, was $325.00 for hospital room expense, and $350.00 for surgical treatment.

In rendering its verdict of November 4, 1964, the lower court held "that no benefits accrue under this policy where the disability results from tumor or malignant growth". In its opinion filed April 20, 1965, reversing the original verdict, the court below concluded that the rider should be interpreted to mean "that plaintiff is entitled to hospital and surgical benefits but is not entitled to disability benefits". Reliance was placed on Yoder v. United Benefit Life Insurance Co., 43 Berks County Law Journal 253, which was stated to be a "similar" case. Reconsideration was granted because the lower court ascertained that the decision of the Berks County court in the Yoder case had been reversed on appeal. See Yoder v. United Benefit Life Insurance Co., 171 Pa. Superior Ct. 18, 90 A. 2d 399. In the opinion of June 15, 1965, an attempt was made to distinguish the Yoder case.

We are clearly of the opinion that the instant appeal is ruled by the decision of this court in Yoder v. United Benefit Life Insurance Co., supra, 171 Pa. Superior Ct. 18, 90 A. 2d 399. The policy there under consideration provided benefits for injuries and sicknesses, and for hospital expense resulting therefrom. As in the Burdsall policy, the Yoder policy did not cover loss of earnings. Attached to the Yoder policy was an endorsement providing that "benefits shall not accrue for disability resulting from hernia". It was

held that, in view of this endorsement, the insured was not entitled to recover surgeon's fee and hospital expense resulting from a hernia operation. Judge RENO expressly rejected the argument, here advanced by appellee, that the word "disability" in the rider referred only to loss of earnings. In his words: "It cannot be supposed that the insurer would seek by an endorsement to eliminate a term which obviously had not been written into the policy".

Appellee stresses the fact that Burdsall had an earlier policy, No. 104A-92707-46M, which provided benefits for "loss of time". This policy was issued in 1946 and lapsed in 1959. We perceive no merit in the argument that the continuous benefits rider, which eliminates the defense of prior origin,[1] forms a basis for declaring ambiguity in the endorsement. In construing an insurance policy the court may not raise a doubt or ambiguity when none exists: *Benat v. Mutual Benefit Health & Accident Assoc.*, 191 Pa. Superior Ct. 547, 159 A. 2d 23, affirmed 402 Pa. 208, 166 A. 2d 880.

Judgment reversed, and here entered for the appellant.

---

[1] For a discussion of the burden of proof when this defense is raised, see the opinion of Judge HOFFMAN in the recent case of *Dauphin Deposit Trust Co. v. World Mutual Health and Accident Ins. Co.*, 206 Pa. Superior Ct. 406, 213 A. 2d 116.