## Johnson v. Braunsberg

*Fred Silverman*, for plaintiff,
*Albert R. Subers*, for garnishee.

DITTER, J., May 13, 1970.—This case requires the interpretation of an insurance policy to determine whether or not it provides liability coverage. The question hinges on the meaning of two phrases in the policy: *member of the same household* and *regularly furnished* automobile.

On June 13, 1964, defendant, Thomas Braunsberg, was the operator of an automobile involved in an accident in which plaintiff, Philip Johnson, was injured. Suit was instituted and a verdict was returned in favor of plaintiff on September 13, 1966. Judgment was

entered on the verdict and garnishment proceedings were brought against Allstate Insurance Company on the grounds that it had insured defendant. It denies coverage.

Certain facts were stipulated by the parties and are as follows.

At the time of the accident, defendant was operating an automobile owned by his brother, Walter Braunsberg. Both defendant and Walter are sons of Fritz Braunsberg, whose home is in Hatboro, Pa. Defendant is unmarried and at all times resided with his father. Prior to the accident, Walter was employed in Pittsburgh, Pa., and lived there in a rented room. Upon receiving notice of military induction, he returned to his father's home in Hatboro on April 1, 1964. The following week, he went on active duty and was sent to Fort Bragg, N. C.

When Walter entered the army, he left his automobile with his father, Fritz, with instructions that it be sold. Walter placed no restrictions on the operation of the automobile. Defendant made use of his brother's car during the next two months. Fritz attempted to find a buyer for it but could not get a suitable offer. On the day of the accident in which Johnson was injured, defendant was driving the vehicle for his own purposes.

At the time of the accident, Fritz owned two automobiles and both were insured by Allstate Insurance Company, the garnishee in these proceedings. The car owned by Walter was not covered with separate liability insurance. Fritz's Allstate policy afforded liability coverage to him whether he was driving one of his own vehicles or a car belonging to someone else, i.e., a "nonowned automobile." In addition, it provided protection to "any relative [of Fritz] with respect to a nonowned automobile not regularly furnished for use of such relative." The policy defined "relative" as a "relative of the

named insured who is a resident of the same household." "Nonowned automobile" was defined as "an automobile not owned by the named insured or any relative."

An exclusionary definition, such as the one here involved, shows an intention on the part of the insurer to protect itself from a situation whereby an insured could purchase a policy covering one automobile and be covered without qualification as to all automobiles available for his use. Therefore, the insurer's policy extends protection to the casual or occasional driving of automobiles other than those specifically covered without the payment of an extra premium, while excluding responsibility as to automobiles regularly furnished by someone else to the insured. The clause in question represents an attempt on the part of the insurance company to strike a balance between the desire of the insured to be covered, even though not always using his own car, and its own right to receive payment of premiums based upon the risk presented by the number of automobiles operated. It is generally held that such a clause covers the insured during infrequent or casual use of a nonowned automobile, but excludes coverage as to another's automobile which the policyholder frequently uses or has the opportunity to use: American Casualty Co. v. Lattanzio, 78 N.J. Superior Ct. 404, 188 A.2d 637 (1963); Annotations, 173 A.L.R. 901, 86 A.L.R. 2d 937.

In the case at bar, coverage hinges on the resolution of two questions. First, is Walter a "relative" within the meaning of the policy so as to preclude his car from being considered a "nonowned automobile?" Second, if the car is a "nonowned automobile," was it "regularly furnished" for the use of defendant?

We conclude that Walter Braunsberg was not Fritz's "relative" within the terms of the policy and, therefore,

Walter's automobile must be considered a "nonowned automobile." Walter was not a relative unless he was a member of Fritz's household. The mere fact that he resided with his father for a week prior to entering military service does not make him such. "Household" signifies a family residing together in one dwelling, using common living quarters and facilities under such domestic arrangements and circumstances as create a single-family unit or establishment: Shank Estate, 399 Pa. 656 (1960).

No case exactly on point appears to exist in Pennsylvania; however, Island v. Fireman's Fund Indemnity Company, 184 P. 2d 153, 30 Cal. 2d 541, 173 A.L.R. 896 (1947), was substantially identical to the present case, and its holding supports our view. In that case, insured's son was serving in the armed forces when his auto, driven by the insured, caused injuries to another person. It was held that the son was not a member of insured's household at the time of the accident.

In addition, the court in Hoff v. Hoff, 132 Pa. Superior Ct. 431 (1938), cites with approval several definitions which support the view that a "household" consists of those who dwell under the same roof and compose a family. Such was not the case here. Walter Braunsberg did not dwell under his father's roof at the time of the accident. He had not done so prior to his going into the army. Accordingly, he was not a member of the insured's household and, therefore, not a relative within the provisions of the policy. His temporary one-week stay with his father prior to induction did not make him a member of Fritz's household. Even if it had, his subsequent departure negated that status.

It follows from the above finding that Walter's vehicle was a "nonowned automobile." Liability protection extends to "any relative with respect to nonowned automobile not regularly furnished for use of such rela-

tive." It is quite clear that Walter's brother, Thomas, defendant, was a relative since he was a member of Fritz's household. Thomas and Fritz resided under the same roof. The question that remains is: was the automobile "regularly furnished" for defendant's use? We conclude it was not.

The stipulated facts make it clear that Walter's automobile was not "furnished" for the use of either Fritz or Thomas. To the contrary, it was left with Fritz so that it might be sold. Any use was incidental to that purpose. There is nothing to indicate that Fritz ever drove it, and nothing to indicate the frequency or regularity of any use by Thomas. During the two months that the car was under the control of Fritz, Thomas "made use" of it, but this statement hardly indicates that he used it regularly. Since the provision in question is an exclusion in the policy, the burden is upon the carrier to show that there is no coverage: Miller v. Boston Insurance Co., 420 Pa. 566, 570 (1966); Armon v. Aetna Casualty and Surety Co., 369 Pa. 465, 469 (1952). It has failed to do so.

In an age when relatives often lend their cars to one another, the restrictive interpretation urged upon us by the garnishee would create a wide gap in insurance coverage which would work to the serious detriment of both the driver and the public at large. Insofar as there is an absence of exclusionary words which clearly relate to a specific factual situation, an insurance contract should be interpreted to provide coverage.

And now, May 13, 1970, it is ordered and decreed that the prothonotary shall enter judgment in favor of plaintiff, Philip Johnson, and against garnishee, Allstate Insurance Company, in the sum of $10,000, together with interest thereon from September 13, 1966, plus costs, being the full amount for which said garnishee would be liable as a result of the verdict entered

in favor of plaintiff and against Thomas Braunsberg in the sum of $13,800, together with the right of execution generally against the assets and property of Allstate Insurance Company for the said amount.