## First Valley Bank v. Hartford Accident and Indemnity Company

*Alan M. Black,* of *Efron, Black & Epstein,* for plaintiff.

*Robert Holland,* of *Kolb, Holland, Antonelli & Heffner,* for defendant.

BACKENSTOE, J., April 3, 1974.—In this case, defendants filed a motion for judgment on the pleadings. The facts are not in dispute and the case turns on the interpretation of an indemnification bond which defendants issued to plaintiff.

In this action, plaintiff bank is attempting to recover the sum of $3,594.37 by virtue of clause "D" of said bond which provides for reimbursement of "(D) Any loss through FORGERY OR ALTERATION of, on or in any check, . . ." A discovery rider, made a part of and attached to the bond, provides as follows:

"In consideration of the premium charged for the attached bond," the insurer agrees to indemnify and hold harmless insured against any losses "sustained by the Insured at any time but discovered after noon

of the 13th day of April, 1965, and prior to the termination or cancellation of this bond as an entirety, as hereinafter set forth, or by mutual agreement."

The bond was cancelled on April 13, 1971. On March 9, 1970, plaintiff honored a check drawn on another bank in the face amount sued upon. After presentment, the drawee bank refused payment because of a stop payment order. On May 20, 1972, some 13 months after the bond had been cancelled, plaintiff discovered that the subject check was a forgery and immediately instituted suit against defendants. Subsequent to the filing of an answer and new matter to the complaint, defendants filed this motion for judgment.

It is defendants' position that under the precise wording of the discovery rider there is no liability, since the loss was discovered after cancellation, citing Larrabee v. Title Guaranty & Surety Company, 250 Pa. 135, 95 Atl. 416 (1915). Plaintiff argues that at the time it had received notice from the drawee bank that payment was refused, it did, in fact, suffer a financial loss of which it had knowledge and, therefore, "discovered it" within the policy period.

A judgment on the pleadings, like a demurrer, may be entered only in cases which are clear and free from doubt: Waldman v. Shoemaker, 367 Pa. 587, 80 A. 2d 276 (1951). Further, as noted in plaintiff's brief, in construing contracts of insurance, if any doubt or ambiguity appears as to the meaning of the policy, such doubt or ambiguity should be resolved in favor of the insured. The court is not permitted, however, to raise an ambiguity in a contract where none, in fact, exists: Burdsall v. Mutual of Omaha Insurance Company, 207 Pa. Superior Ct. 228, 217 A. 2d 789 (1966).

Applying these principles to the instant case, we believe defendants are entitled to the requested relief.

In essense, to accept plaintiff's contention, one must construe the word "discovery," as used in the bond, as equivalent in meaning to the words "being aware of any financial loss irrespective of whether it be a loss covered by the bond." To make this argument, plaintiff must ignore the fact that the covered losses are specifically set forth. In our opinion, to construe the meaning of the word "discover" without considering these loss provisions would be an artificial and forced construction of the contract. Looking at it in this light, we think it clear that the word "discover" must be construed in the sense of discovering a loss which is compensable under the bond. Accordingly, since this "loss" was not so discovered, plaintiff is not entitled to recover.

Finally, even if we assume arguendo that plaintiff is correct in its contention that it did, in fact, "discover" the loss within the meaning of the contract, we find that plaintiff's action is then barred by section 3 of the bond, which provides that suit under this bond may not be brought "after the expiration of twenty-four months from the 'discovery' of such loss, . . ." It being clear that this suit was brought some 32 months after such discovery, plaintiff is not entitled to recover. See generally: 19 P.L. Encyc., Insurance, §422, and cases cited therein.

## ORDER

And now, April 3, 1974, it is ordered that defendants' motion for judgment on the pleadings is sustained and judgment is entered for defendants and against plaintiff.