The **HOME INSURANCE COMPANY**

v.

**Ann L. MONACO and Carl J. Santoro, Administrator d. b. n. c. t. a. of the Estate of Louis Monaco, Jr., Deceased.**

No. 75–114.

United States District Court,
E. D. Pennsylvania.

Nov. 10, 1975.

Lynn L. Detweiler, Philadelphia, Pa., for plaintiff.

Arthur Lefkoe, Norristown, Pa., for defendants.

## OPINION

DITTER, District Judge.

The question for determination in this diversity case is whether under

Pennsylvania law an insurance policy's specific denial of coverage for an insured's wife also denies coverage for his widow. The matter, coming before me on cross-motions for summary judgment, involves an automobile liability policy which excludes a spouse residing in the same household as the insured from the benefits of bodily injury protection. Following the insured's death, his widow claimed rights under this section of the policy. I conclude she has none.

On August 5, 1972, defendant Ann L. Monaco sustained severe personal injuries while riding as a passenger in an automobile owned and operated by her husband, Louis Monaco, Jr., when the vehicle collided with a bridge abutment on Township Line Road in Plymouth Township, Montgomery County, Pennsylvania. Mr. Monaco died the following day of injuries he suffered in the crash. Defendant instituted a trespass action in the Court of Common Pleas of Montgomery County, Pennsylvania, against Carl J. Santoro, Administrator d.b.n.c.t.a. of her late husband's estate, to recover for her injuries. Plaintiff thereafter filed the instant petition pursuant to 28 U.S.C. § 1332 for a declaratory judgment [1] that it has no obligation to compensate Mrs. Monaco for her bodily injuries.

At the time of the accident, plaintiff, the Home Insurance Company, insured defendant's husband for all sums which he would become legally obligated to pay as damages because of bodily injuries arising out of the ownership, maintenance, and use of his automobile, and stated that "the Company shall have the right and duty to defend any suit alleg-ing such bodily injury and seeking damages which are payable under the terms of this policy . . . ." Also included in the contract was an exclusion, however, which provided:

This policy does not apply:

\*　　\*　　\*　　\*　　\*　　\*

. . . to bodily injury to (1) the Named Insured, or (2) if a resident of the same household as the Insured, the spouse or any parent, son or daughter of the Insured:

\*　　\*　　\*　　\*　　\*　　\*

■■■ Plaintiff contends that the above provision is lawful in the Commonwealth of Pennsylvania,[2] and that since the defendant was the insured's wife, living with him in the same household, protection for her injuries is excluded from the policy and plaintiff has no duty either to defend the trespass action in Common Pleas Court or to pay any judgment obtained there by her. Defendant asserts, however, that the exclusion is ambiguous, subject to more than one interpretation, must be strictly construed against the plaintiff, and in any event, does not bar a recovery by Mrs. Monaco because she brought her action as the widow of the insured and not as his wife.

Neither my research nor the briefs of the parties has disclosed a Pennsylvania case exactly on point. Accordingly, I must predict how the Supreme Court of Pennsylvania would decide the question presented here. See *Costello v. Schmidlin*, 404 F.2d 87 (3d Cir. 1968); *Davis v. Smith*, 126 F.Supp. 497 (E.D.Pa.

---

1. See *Automobile Club Ins. Co. v. Craig*, 328 F.Supp. 988 (E.D.Ky.1971); *State Farm Mut. Auto. Ins. Co. v. Drewry*, 191 F.Supp. 852 (W.D.Va.1960), aff'd., 316 F.2d 716 (4th Cir. 1963).

2. Plaintiff insurance company is incorporated under the laws of the State of New Hampshire with its principal place of business in New York City; it is licensed to do business in the Commonwealth of Pennsylvania. Defendant is a citizen of Pennsylvania. As a diversity court, I must look to Pennsylvania's conflict-of-laws rules to determine which state's substantive law applies. See *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Suchomajcz v. Hummel Chemical Co.*, 524 F.2d 19 (3d Cir. 1975). So doing, I conclude that since the policy was "issued and delivered" in Pennsylvania, it is governed by the laws of this state. See *Pittsburgh Bridge and Iron Works v. Liberty Mut. Ins. Co.*, 444 F.2d 1286 (3d Cir. 1969).

1954), affirmed, 253 F.2d 286 (3d Cir. 1958).

■ At the outset, it is plain that Pennsylvania, like several other states,[3] gives effect to automobile liability policies excluding from coverage members of the insured's family or household.[4] See *Great American Ins. Co. v. State Farm Mut. Ins. Co.*, 412 Pa. 538, 194 A.2d 903 (1963); *Puller v. Puller*, 380 Pa. 219, 110 A.2d 175 (1955). "The well known reason for the exclusion clause . . . is that it is intended as a protection against collusive claims." Id. at 223, 110 A.2d at 178. Citing the proposition that "[w]hen the policy behind a rule no longer exists, the rule itself should disappear," *Johnson v. Peoples First National Bank & Trust Co.*, 394 Pa. 116, 120, 145 A.2d 716, 718 (1958); *Kaczorowski v. Kalkosinski*, 321 Pa. 438, 443, 184 A. 663 (1936), plaintiff argues that the danger of collusive claims against the insurer ceased upon the death of the insured, and the policy underlying the exclusion clause should not be given effect.

Although initially this argument may have some degree of appeal, a careful examination of the Pennsylvania case law discloses that on at least two occasions that state's highest court has upheld the validity of exclusions worded almost identically to the provision here in situations where no possibility of collusion among family members existed. In *Great American Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, supra, Robert Stauffer, Jr., was riding as a passenger in a car owned by his father, and driven by a friend, Harold B. Dick. Stauffer and his parents brought suit against Dick, an additional insured under the terms of the policy, for injuries he sustained while Dick was driving the car. Although Dick was not a member of the Stauffer household, the Court upheld the policy exclusion denying coverage "to the insured or any member of the family of the insured residing in the same household as the insured." [5]

In *Patton v. Patton*, 413 Pa. 566, 198 A.2d 578 (1964), the automobile of the insured, John D. Patton, was being driven

3. See, e. g., *Heltcel v. Skaggs*, 234 F.2d 66 (10th Cir. 1936) (applying Oklahoma law); *State Farm Mut. Auto. Ins. Co. v. Cooper*, 233 F.2d 500 (4th Cir. 1956) (applying South Carolina law); *McManus v. State Farm Auto. Ins. Co.*, 225 Tenn. 106, 463 S.W.2d 702 (1971); *Guy v. Egano*, 236 So.2d 542 (La. App.1970); writ refused, 256 La. 843, 239 So.2d 354 (1960); *State Farm Mut. Auto. Ins. Co. v. Ward*, 340 S.W.2d 635 (Mo.1970); *Morris v. State Farm Mut. Auto. Ins. Co.*, 88 Ga.App. 844, 78 S.E.2d 354 (1953); *New York Underwriters Ins. Co. v. Superior Court for Maricopa County*, 104 Ariz. 544, 456 P.2d 914 (1969); *Perry v. Southern Farm Bureau Casualty Ins. Co.*, 251 Miss. 544, 170 So.2d 628 (1965); *Allen v. West American Ins. Co.*, 467 S.W.2d 123 (Ky.1971); *State Farm Mut. Auto. Ins. Co. v. Cartmel*, 250 Ark. 77, 463 S.W.2d 648 (1971).
4. Wisconsin, adopting a contrary position, has by statute prohibited exclusionary clauses which would withdraw its statutory omnibus coverage from any member of the family of the insured. See *Haines v. Mid-Century Ins. Co.*, 47 Wis.2d 442, 177 N.W.2d 328 (1970); *Klatt v. Zera*, 11 Wis.2d 415, 105 N.W.2d 776 (1960); *Perlick v. Country Mut. Cas. Co.*, 274 Wis. 558, 80 N.W.2d 921 (1957). It is, nevertheless, not against Wisconsin

policy to enforce such a provision in a foreign policy. See *Urhammer v. Olson*, 39 Wis.2d 447, 159 N.W.2d 688 (1968).

5. The court stated:
" . . . The policy considered in *Pearson* [*v. Johnson*, 215 Minn. 480, 10 N.W.2d 357 (1943)] was identical with the policy at bar and the court said on page 358 of N.W.2d: 'The word "insured" is defined by the policy itself to include for the purposes named at all times the named insured, Pearson. *That the policy gives it broader application so as to include persons driving with the named insured's consent cannot be said to wipe out the exemptions expressly incorporated into the policy to prevent the insured, that is, the named insured* and his family from recovering for their own injuries. . . . The policy provisions creating additional assureds cannot change the essential contract between Pearson and his insurance company. Certainly they cannot be read so as to nullify the express exclusions of the policy.' See also *Kirk v. State Farm Mutual Automobile Ins. Co.*, 200 Tenn. 37, 289 S.W.2d 538 (1956)" [emphasis supplied].
*Great American Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 412 Pa. 538, 542, 194 A.2d 903, 905 (1963).

with his permission by George Derr, an additional insured under the policy. Mrs. Patton and Mrs. Derr, passengers in the car, were injured in an accident. They instituted separate trespass actions against the operator of the vehicle which collided with the Patton vehicle, and in each action, Patton and Derr were joined as additional defendants. At trial, the jury returned verdicts in each action against Patton and Derr and judgments in favor of Mrs. Patton and Mrs. Derr, respectively, were entered. Mrs. Patton disclaimed any interest to enforce her judgment against her husband, and Mrs. Derr acted likewise with respect to Mr. Derr. In view of the disclaimers neither case presented a situation in which one excluded member of the family was suing another. The Court, however, gave effect to the policy exclusion as it was written, permitted recovery by Mrs. Derr against Patton, since there was no family relationship between them, but denied recovery against the insurance company by Mrs. Patton against Derr, since Mrs. Patton was a member of the household of the named insured, her husband.[6] Finally, in a case which, although not emanating from Pennsylvania, involved a markedly similar factual situation to the case at bar, *State Farm Mut. Ins. Co. v. Ward*, 340 S.W.2d 635 (Mo.1960), where the insured died on the date of the accident, the court held that the exclusionary provision was enforceable as to his widow's claim. Accordingly, I am

persuaded that Pennsylvania courts would apply the exclusion clause even though the possibility of collusion has probably been eliminated by the insured's death.[7]

Defendant next asserts that because she is no longer the spouse of the insured, the failure of the insurer to include the word "widow" in the exclusionary clause creates an ambiguity which must be interpreted in her favor. While it is true that exceptions to general liability are to be strictly construed against the insurer, *Frisch v. State Farm Fire & Cas. Co.*, 218 Pa.Super. 211, 214, 275 A. 2d 849, 851, allocatur refused, 218 Pa. Super. lx (1971); *Celley v. Mutual Benefit Health & Accident Ass'n*, 229 Pa. Super. 475, 324 A.2d 430 (1974), an insurance policy nevertheless is a contract which stands on no different basis than any other contract, *Blair v. Berkshire Life Ins. Co.*, 429 F.2d 996 (3d Cir. 1970), and a court may not raise a doubt or ambiguity where none exists, *Brunner v. McCullough*, 216 F.Supp. 496 (E.D.Pa. 1963); *Burdsall v. Mutual of Omaha Ins. Co.*, 207 Pa.Super. 228, 217 A.2d 789 (1966). Moreover, where a term in an insurance policy is ambiguous and the intention of the parties therefore cannot be discerned from the contract, the court may attempt to arrive at a construction which seems reasonable and in accord with the parties' apparent expectations, as revealed by extrinsic evidence of the purpose of the insurance, its sub-

---

6. In contrasting *Patton* with *Great American*, supra, the court said:

> In the case at bar, there is a fact which does not appear in *Great American*. Esther Patton, the instant claimant, as the spouse of the named insured, is clearly an "insured" under the "omnibus clause" of this policy and to permit her to recover under the provisions of this policy against Derr, the additional insured, would extend policy coverage to damage claims of an "insured" vis-a-vis an "insured", a result completely at variance with the obvious intent and purpose of the parties to this insurance contract. Not only as a co-resident member of the named insured's family but as an "insured" under the policy, the claim of Esther Patton against Derr, the additional insured, is not within the policy coverage.

7. Indeed, the only instance my research has disclosed where a Pennsylvania court declined to enforce a similar clause, *Hoff v. Hoff*, 132 Pa.Super. 431, 1 A.2d 506 (1938), involved a factual situation quite distinct from the instant case. There, although the plaintiff husband and wife, and their child, and the husband's parents occupied a single dwelling house which was owned by the father, the plaintiffs furnished and controlled their own rooms, purchased their own provisions, used their own utensils, entertained in the same manner as if they lived apart from the parents, and maintained a separate family life from the parents. The marked factual difference between *Hoff* and the case at bar, coupled with the subsequent cases decided by the Pennsylvania Supreme Court, see notes 5 & 6, supra, and accompanying text, convince me that *Hoff* is inapposite here.

ject matter, the situation of the parties, and the circumstances surrounding the making of the contract. *Celley v. Mutual Benefit Health & Accident Ass'n,* supra, 229 Pa.Super. at 482–83, 324 A.2d at 434.

Under the circumstances here presented, I conclude that the term "spouse" is not ambiguous. At the moment of the accident, when the parties' rights and liabilities were fixed, see *Adam v. Vacquier,* 48 F.Supp. 275 (W.D.Pa.1942), aff'd, 139 F.2d 377 (3d Cir. 1943), defendant was the spouse of the insured, and accordingly fell within the exclusionary clause. That her husband died the following day has no bearing on her rights. Indeed, even if by some legal stretch of the imagination, the term "spouse" could be deemed ambiguous, there is no suggestion anywhere in the record that either party to the policy contemplated or intended the right of Mrs. Monaco to recover to turn on whether Mr. Monaco died after she sustained injury. Quite clearly, so long as defendant was the spouse of the insured at the moment of her injuries, there could be no reasonable expectation that she could obtain the insurance proceeds merely by virtue of the fact that her husband later expired.

█ Defendant's final argument—that solely because she instituted her trespass action as the widow of the insured rather than his spouse, the exclusionary clause is per se inapplicable—is but an extension of her previous argument. The identical argument was rejected in *State Farm Mutual Ins. Co. v. Ward,*[9] supra, where the insured's wife and daughter sought to avoid application of an exclusionary clause on the basis of his having died within a few hours of, and on the same date as the accident in which all three were injured. There the Supreme Court of Missouri stated:

In connection with their last point defendants say that since Mr. Ward died shortly after the casualty the reason for which the household clause was inserted in the policy no longer exists as there can be no collusion between deceased and defendants and therefore (under those circumstances) the clause should not be enforced. We do not agree. *The right of plaintiff to interpose that clause as a defense against defendants' claims does not depend upon the continued existence of a state of facts which would make the enforcement of said clause necessary in order to accomplish some particular purpose for which the provision may have been included in the policy.* A contract of insurance is a voluntary contract and "as long as the terms and conditions made therefore are not unreasonable or in violation of legal rules and requirements, the parties may make it on such terms, and incorporate such provisions and conditions, as they see fit to adopt." 44 C.J.S. Insurance § 223, p. 928. We accordingly rule that the fact that Mr. Ward died on the day of the casualty is not a valid reason for the nonenforcement of the household clause under the circumstances existing herein. [emphasis added].

340 S.W.2d at 640. I fully agree, and for the same reasons expressed in *Ward* reject the argument raised by defendant in this court.

The defendant's motion for summary judgment must be denied, and the motion of the plaintiff for summary judgment and its petition for a declaratory judgment must be granted.

---

9. In her reply memorandum, defendant seeks to distinguish *Ward* on the basis that that case involved construction of the policy provisions under the Missouri Financial Responsibility Act and there was no ambiguity in the language of the insurance policy at issue there. Inasmuch as I have concluded that no policy considerations would bar application of the exclusionary clause in Pennsylvania, and that there is no ambiguity in the language of the exclusion clause, such purported distinctions are inconsequential.