Mildred DRAKE, Plaintiff,

v.

**DONEGAL MUTUAL INSURANCE COMPANY and the Travelers Insurance Company, Defendants.**

Civ. A. No. 76–102 ERIE.

United States District Court,
W. D. Pennsylvania.

Nov. 16, 1976.

Edward Orton, North East, Pa., for plaintiff.

Edward W. Goebel, Jr., Erie, Pa., for Travelers Insurance Co.

Wallace J. Knox, Erie, Pa., for Donegal Insurance Co.

### FINDINGS AND OPINION

WEBER, District Judge.

Plaintiff has sued both defendants under diversity jurisdiction claiming that she is entitled to insurance coverage for her injuries from one or the other. The issue of coverage was submitted for trial by the court, and the court makes the following findings.

Plaintiff was a pedestrian who was struck by an automobile covered for liability purposes by Donegal Mutual Insurance Company under the Pennsylvania No-Fault Insurance Act, 40 P.S. 1009.101 et seq. Plaintiff owns no vehicle of her own and thus is without no-fault "security" of her own.

Donegal denies that its coverage applies because it claims plaintiff was an "insured" under a policy issued by Travelers Insurance Company to plaintiff's daughter and covered under § 204(a)(2) of the Act.

The parties have submitted or agreed to all the evidentiary material relevant, including the deposition of plaintiff's daughter, and the Travelers Insurance Company policy. The question of law to be decided is whether plaintiff was an "insured" under the Travelers' policy, either under the Act, or any more liberal terms of the Travelers' policy.

Sec. 103 of the Act provides that a person "insured" under a policy includes "a spouse or other relative" of a named insured, "not

[named] as an insured in any other contract of . . . insurance"; and "in residence in the same household with a named insured."

> "an individual is in residence in the same household if he usually makes his home in the same family unit, even though he temporarily lives elsewhere."

■ An insurance company is free, out of motives of altruism, generosity, or naked commercial advantage, to provide broader coverage than the Act requires, and if it does so, the policy language controls.

The Travelers' policy provides personal injury protection to an "eligible person." An eligible person is defined as "(a) the named insured or any relative who sustains injury . . . as a pedestrian struck by, any motor vehicle."

The policy then defines relative:

> " 'relative' means the spouse and any person related to the named insured by blood . . . residing in the same household as the named insured, whether or not temporarily residing elsewhere."

The underlining is taken from the printed form of the Travelers' policy. We find no significance to the failure to underline the word relative in the definition of an "eligible person."

The only difference between the statute and the policy is the omission in the policy of the words of the statute further defining "household" as "the same family unit." We see no difference in the two terms. Webster's New International Dictionary (2nd ed. 1950) defines "household" as "those who dwell under the same roof and compose a family; a domestic establishment; family."

Plaintiff resided in a building owned by her daughter, the named insured. Plaintiff paid rent and utility charges. She lived in an upper floor with a separate outside entrance, and a separate street address number. There were other tenants in the building. Plaintiff had her own kitchen, did her own shopping for groceries, her own cooking, and housekeeping. Her daughter lived on the first floor. Plaintiff had no key or other free access to her daughter's apart-

ment. Plaintiff was employed in domestic service and only spent one night a week in her apartment.

In interpreting a policy excluding those residing "in the same household" and "related to the insured by blood or marriage", in a situation where a married son and his wife occupied the same dwelling house as the son's parents, but furnished their own rooms, purchased and cooked their own food, used their own utensils, paid their own share of utilities, and entertained separately, the court held that this was not the same household. *Hoff v. Hoff,* 132 Pa.Super. 431, 1 A.2d 506 [1938]:

> "Neither relationship nor the presence of all the parties within one dwelling is the determining factor, but rather the existence of such domestic arrangements and circumstances as would create separate domestic establishments, each having its own head and separate management." (pp. 435–436, 1 A.2d p. 508).

In *Hoff v. Hoff,* supra, the insurance carrier had the burden of proof in establishing an exclusion.

We cannot find the public policy expressed in the Pennsylvania No-Fault Motor Vehicle Insurance Act to mandate any different result here where the clear definitions of the statute and the Travelers Insurance Company policy do not extend coverage. To find differently would extend coverage to any relative by blood, marriage or adoption, including any minor in the custody of such person, however remote the relationship, who happens to live under the same roof, no matter how large the apartment house.

■ We, therefore, conclude and find that plaintiff was not an "insured" under Section 103 of the Act, nor was she an "eligible person" under the definition of the Travelers Insurance Company policy which would require Travelers Insurance Company to provide insurance coverage for her injuries from the accident in question.

An Order will be entered dismissing Travelers Insurance Company as a defendant in this action.