TRAVELERS INDEMNITY
COMPANY, Plaintiff,

v.

ERIE INSURANCE EXCHANGE and
Allstate Insurance Company,
Defendants.

Civ. A. No. 80–185 Erie.

United States District Court,
W. D. Pennsylvania.

April 1, 1981.

James D. McDonald, Jr., Erie, Pa., for Travelers.

T. Warren Jones, Erie, Pa., for Erie Insurance Exchange.

Michael Burns, Pittsburgh, Pa., for Allstate Ins. Co.

OPINION

WEBER, Chief Judge.

This action for declaratory judgment was brought by plaintiff to determine the potential excess coverage of the defendants named in this suit.

One Randy Niemeyer was the owner and operator of a 1974 Dodge Charger automobile that was involved in a two car collision which resulted in the death of his passenger, Kenneth A. Kinnear. A wrongful death and survival action was brought in the Court of Common Pleas by Cathy Kinnear as Administratrix of the Estate of Kenneth A. Kinnear, against Randy Niemeyer and the driver of the other vehicle.

At the time of the accident Randy Niemeyer's vehicle was insured by plaintiff (hereinafter "Travelers"). There were other people residing at the same residence as Randy Neimeyer, his father, Randolph Niemeyer, and Kathryn E. McCracken, each of whom owned their own automobiles. Defendant Erie Insurance Exchange (here-

inafter "Erie") insured Randolph Niemeyer's vehicle and defendant Allstate Insurance Company (hereinafter "Allstate") insured Kathryn E. McCracken's auto.

The state court suit claims damages in excess of $250,000, which exceeds the limits of Randy Neimeyer's policy of $50,000. Cathy Kinnear has indicated that she is looking for excess coverage that might be available from the Erie and Allstate policies. Since Travelers, as primary insurer, would have certain obligations to these possible excess carriers, it has filed this declaratory judgment action to determine whether the Erie and/or Allstate policies will be liable for excess coverage.

Both the defendants claim that their policies do not cover the accident involving Randy Niemeyer. Since this issue does not involve questions of fact but interpretation of a contract the parties have submitted the matter for determination by summary judgment on cross motions.

At the outset, the court will dismiss the claim against Erie because Travelers, in their response to Erie's motion for summary judgment, have conceded that the Erie policy does not provide coverage in this situation.

The Allstate policy issued to Kathryn McCracken contains the following provision:

Persons Insured

(1) While using your insured auto

  (a) You,

  (b) Any resident relative, and

  (c) Any other person using it with your permission.

(2) While using any other auto, not furnished for your regular use

  (a) You,

  (b) Any resident of your household using a four wheel private passenger, station wagon or utility auto.

The use of these autos must be with the owner's permission.

(All underlined terms are defined in the policy).

The terms "you" and "your" are defined terms and refer only to the named insured and his resident spouse. "Resident" is defined to mean any person who is physically present in the named insured's household with an intention to continue living there.

Travelers claim that Section 2(b) of the definition provides coverage for any auto used by the named insured or a resident of his household, provided that said auto is not furnished for the regular use of the named insured. Travelers argue that because Randy Niemeyer was a resident, as that term is defined and his car was not furnished to the named insured, Kathryn McCracken, for her regular use, the Allstate policy of McCracken provides coverage for Randy's auto.

The language of this clause may be ambiguous. However, it is the province of the court to interpret the clause of the contract, in accordance with what was probably in the contemplation of the parties when the contract was made. *Home Insurance Co. v. Monaco*, 405 F.Supp. 321 (E.D.Pa.1975); *Daburlos v. Commercial Insurance Co. of Newark, N.J.*, 367 F.Supp. 1017 (E.D.Pa.1973). Because the parties by their cross-motions for summary judgment have alleged that there is no genuine issue of material fact, the court has all of the facts before it and must construe the legal effect of the policy language on those facts.

Randy Niemeyer was using his own insured vehicle at the time of the accident. There was no need for him to secure the owner's permission under the language of the Allstate policy. The clause "The use of these autos must be with the owner's permission" indicates to us that the Allstate policy was intended to cover situations where the named insured (Kathryn E. McCracken or any resident of her household) was using another auto not furnished for that person's regular use. We conclude that the meaning of this clause must be limited to the use by any party covered of a temporary, loaned, or leased vehicle not provided for that party's regular use. The clause would not apply to Randy Niemeyer because he was using a vehicle furnished for his regular use, his own insured vehicle.

It could not reasonably have been in the minds of any of these parties to these insurance contracts to extend coverage to all persons in the household driving their own insured vehicles where these vehicles are for the regular use of the owner alone. Ms. McCracken intended to insure only one regularly used automobile, which is evidenced by the fact that she paid a premium for only one regularly used vehicle.

The insurance policy issued by Allstate to Kathryn McCracken does not, therefore, provide coverage to Randy Niemeyer in these circumstances.