## Vincent v. Skabla

*Martin Cohen*, for plaintiff.
*Guy T. Matthews*, for defendant.

RUFE, *J.*, August 18, 1981 — This matter was submitted to the court for disposition as a case stated. The following are those facts to which the parties have stipulated.

On August 13, 1979, Dorothy J. Vincent (plaintiff), as executrix of the estate of her husband George Vincent (decedent), filed an action in trespass for wrongful death and survival based on the death of decedent caused by a motor vehicle accident on October 9, 1977, on Interstate Route 95 in Middletown Township, Bucks County, Pa. Named as defendant was Frank D. Skabla.

At the time of the accident, defendant was driving a 1964 Chevrolet Coupe which was registered in his name and insured for liability indemnification by the Keystone Insurance Company under policy no. 25202195. At that time, defendant was

living at 6735 Gillespie Street, Philadelphia, Pa., as a member of the household of his father, Frank R. Skabla, who owned a 1975 Mercury hardtop. This vehicle was also insured for liability indemnification by Keystone under policy no. 16201905.

Based on the preceding facts, the case has been submitted to the court for the determination of one issue: Should plaintiff be entitled to insurance benefits under the motor vehicle insurance policy of Frank R. Skabla, or put another way, whether defendant is afforded liability indemnification under the motor vehicle insurance policy issued to his father, Frank R. Skabla. The answer is in the negative.

Plaintiff claims that there is such coverage. She contends that, as a family member, defendant was covered under his father's policy pursuant to Part A, Liability Coverage, which provides, inter alia:

We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

"Covered person" as used in this part means: 1. You or any family member for the ownership, maintenance or use of any auto or trailer . . .

Under the language of these paragraphs, plaintiff argues that defendant was covered under policy no. 16201905 even though he owned his own vehicle which was insured by a separate policy.

This argument is advanced by plaintiff despite the language contained in Part A. Exclusions, of Skabla's policy which provides, inter alia:

We do not provide liability coverage:

. . .

10. For the ownership, maintenance or use of any vehicle, other than your own covered auto, which is owned by or furnished or available for the regular use of any family member. However, this exclusion does not apply to you.

While this paragraph would appear to exclude the instant defendant from coverage, plaintiff claims that when the two above-quoted paragraphs are read together an ambiguity is created under which Pennsylvania law must be resolved against the insurer, to wit: coverage for defendant. For the reasons enunciated below, we do not agree.

It is black letter law that "'where, by reason of ambiguity in the language employed in a policy or contract of insurance, there is doubt or uncertainty as to its meaning and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted. . . .'" Shamey v. State Farm Mutual Automobile Insurance Co., 229 Pa. Superior Ct. 215, 221, 331 A. 2d 498, 501 (1974); Miller v. Prudential Insurance, 239 Pa. Superior Ct. 467, 362 A. 2d 1017 (1976); SEPTA v. Transit Casualty Co., 412 F. Supp. 839 (E.D. Pa. 1976). However, before applying this rule of construction the court must determine whether an ambiguity in the language of the insurance policy actually exists. Miller, supra.

"A provision of an insurance policy is ambiguous if reasonably intelligent men on considering it *in the context of the entire policy* would honestly differ as to its meaning." Celley v. Mutual Benefit Health and Accident Association, 229 Pa. Superior Ct. 475, 481-482, 324 A. 2d 430, 434 (1974). (Emphasis supplied.) "In construing an insurance policy the court may not raise a doubt or ambiguity

where none exists. . . ." Burdsall v. Mutual of Omaha Insurance Co., 207 Pa. Superior Ct. 228, 231, 217 A. 2d 789, 790 (1966). "' . . . [A]11 provisions of an insurance contract [should] . . . be read together and construed according to the plain meaning of the words involved, so as to avoid ambiguity *while at the same time giving effect to all its provisions*.'" Delaware County Construction Co. v. Safeguard Insurance Co., 209 Pa. Superior Ct. 502, 506, 288 A. 2d 15, 17 (1967). (Emphasis supplied.)

By reading Keystone policy no. 16201905 in its entirety, it is clear that no ambiguity in the relevant parts of the policy exists. It is true that Part A, Liability Coverage, appears to extend coverage to defendant, but by taking the words of Part A, Exclusions, for their plain meaning and without trying to conjure up an ambiguity, we are convinced that there is no ambiguity in the relevant parts of the subject policy as it applies to the instant situation. Accordingly, we enter the following

## ORDER

And now, August 18, 1981, the court finding that there exists no ambiguity in Keystone Insurance Company policy no. 16201905 issued to Frank R. Skabla and that defendant, Frank D. Skabla, is excluded from coverage therefrom, it is hereby ordered and decreed that defendant is not insured for liability indemnification under said policy and plaintiff cannot recover for damages against said policy.