■ OLGA V. GALANIS, Appellant, v TRAVELERS PROPERTY CASUALTY, Respondent. [715 NYS2d 80] —In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *Constantinides v Galanis*, pending in the Supreme Court, Queens County, under Index No. 2578/98, the plaintiff appeals from an order of the Supreme Court, Queens County (Giaccio, J.), dated November 9, 1999, which denied her motion, in effect, for summary judgment on the complaint, and determined that she was not an insured under the defendant's policy and that the defendant was not obligated to defend and indemnify her in the underlying personal injury action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying personal injury action.

The Supreme Court correctly determined that the plaintiff is not entitled to coverage under the homeowner's insurance policy issued by the defendant to the plaintiff's mother. The policy provided that the relatives of the insured were covered persons if they resided in the insured's household. Here, although the plaintiff and her mother lived in the same two-family house, they maintained separate apartments and households, and the plaintiff is not a resident of her mother's household (*see, General Assur. Co. v Schmitt*, 265 AD2d 299; *Drake v Donegal Mut. Ins. Co.*, 422 F Supp 272). Accordingly,

the plaintiff is not an insured under the terms of the policy, and the defendant is not obligated to defend or indemnify her in the underlying personal injury action.

Since this is a declaratory judgment action, the matter is remitted for the entry of a judgment declaring that the defendant is not obligated to defend or indemnify the plaintiff in the underlying personal injury action (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Ritter, J. P., Santucci, Goldstein and Feuerstein, JJ., concur.