HARRIS, Judge.
Although to do so condones what appears to be a harsh result in this case, we agree that the Unemployment Appeals Commission (UAC) can properly determine that the applicant’s refusal to return to work at her former job disqualifíés her from unemployment benefits. The issue in this case is not whether Ms. Hill was denied unemployment benefits merely because she refused to accept a position some 80 miles from her home. If that were the problem, then the objective, reasonable man standard urged by appellant might be appropriate in order to determine whether the job in question was indeed “ suitable.” But in this case, where the applicant herself accepted the job and worked at it so that unemployment benefits became available to her because of this job, a more subjective standard is appropriate. Section 443.101(2)(a) provides:
In determining whether or not any work is suitable for an individual, the division shall consider the degree of risk involved to his health, safety, or morals; his physical fitness and prior training; his experience and prior earnings; his length of unemployment and prospects for securing local work in his customary occupation; and the distance of the available work from his residence.
This statute tells us that it is the division (and not this court), based on the evidence before it, that shall first determine whether the particular job is or is not suitable under the circumstances of the case. And the construction of a statute by the agency charged with its administration is entitled to great weight and will not be overturned unless clearly erroneous. Laborers’ International Union of North America, Local 4-78 v. Burroughs, 541 So.2d 1160 (Fla.1989). In determining whether a job is suitable to a person who has accepted that job, the division is not required to determine whether it is generally reasonable to expect someone to travel 80 miles to accept employment. Ms. Hill, by accepting the job in the first place (the job that forms the basis for her unemployment claim), has demonstrated that the job was suitable to her at the time she accepted employment. Nothing about the job changed after her call back from the short layoff. The only change was that her original ride is no longer available. But it is the employee’s responsibility, whether the job is at a distance of 2 miles or 82 miles, to provide for transportation.
Ms. Hill acknowledges that she could not refuse to work if her co-worker terminated his employment so that she no longer had a ride or if her car broke down and she could not afford to repair it and yet draw unemployment benefits. She contends, however, that her call-back after the layoff constituted a new job offer the same as if a new employer was involved. But we see the call-back as an invitation to continue the previous employment after additional work became available. It is true, as urged by Ms. Hill, that *660 one is just as “unemployed” during a layoff as he or she would be if discharged. And, that is why one is entitled to unemployment benefits even during a layoff period. The difference is that in a call-back after a layoff, one is being asked to return to the same job. This question then becomes whether the former “suitable” job has become “unsuitable” because of the layoff period.
The UAC has determined that the employer/employee relationship between Ms. Hill and her employer after the call-back was such that the law requires that she go back to work at the same job or lose her benefits. We do not find that this ruling is “clearly erroneous.”
Suppose an unemployed engineer accepted a job at McDonald’s qualifying him for unemployment benefits and then refused to accept a transfer to another McDonald’s five miles away. Should he prevail on a claim for unemployment benefits because his “prior training” and “experience” makes the “new” McDonald’s job unsuitable?
If we were to accept Ms. Hill’s position, we would be creating a precedential nightmare for the UAC.
AFFIRMED.
DAUKSCH, J., concurs.
GRIFFIN, J., dissents, with opinion.