**ATLANTA CASUALTY COMPANY,**
Plaintiff,

v.

**Jeremy D. POWELL, et al., Defendants.**

No. 1:97CV189–B–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

June 17, 1999.

James Haggard Bolin, Page, Kruger & Holland, Jackson, MS, for Plaintiff.

Kristina Lynn Freese, Langston, Langston, Michael & Bowen, Booneville, MS, Paul S. Funderburk, Paul S. Funderburk, P.A., Tupelo, MS, Keith D. Obert, Akers & Obert, Brandon, MS, for Defendants.

*Memorandum Opinion*

BIGGERS, Chief Judge.

This cause comes before the court on the following motions:

1. Motion for summary judgment filed by plaintiff/counterdefendant Atlanta Casualty Company [ACC];

2. Cross-motion for summary judgment or, in the alternative, for partial summary judgment filed by defendants/counterplaintiffs Larry W. Wam-

bles, Jr. [Larry, Jr.] and Emily B. Wambles;

3. Cross-motion for summary judgment filed by defendant/counterplaintiff Jeremy D. Powell; and

4. Cross-motion for partial summary judgment filed by defendant Autozone, Inc. [Autozone].

The court has duly considered the parties' memoranda and exhibits and is ready to rule.

## I. FACTS

ACC brought this action for declaratory judgment seeking an adjudication of its liability under the liability coverage or uninsured/underinsured motorist provisions in an automobile insurance policy it issued to Emily Wambles, with regard to injuries Larry, Jr. sustained in a one-car accident as a passenger in a vehicle owned by Emily Wambles and operated by Jeremy Powell.[1] The subject policy had applicable coverages of bodily injury liability of $100,000 for each person and $300,000 for each accident and uninsured motorist bodily injury of $10,000 each person and $20,000 each accident.[2] Larry, Jr. is the biological son[3] of Emily and Larry Wambles, Sr., who were divorced at the time of the accident on November 15, 1996. Pursuant to a county court order, Larry, Jr. began residential chemical dependency treatment at East Mississippi State Hospital [EMSH] in Meridian, Mississippi on August 21, 1996. Larry, Jr. had been living with his mother in her house in Saltillo, Mississippi prior to August 21, 1996 and was on an off-ground's pass visiting his mother at the time of the accident.

The subject insurance policy designates Emily Wambles as the named insured. The policy defines family member as follows:

**Family member** means a person related to **you** by:

1. blood,

2. marriage, or

3. adoption who is a resident of **your** household, including a ward or foster child.[4]

The liability coverage section of the policy provides in part:

**Covered person** as used in this Part means:

1. **You** or any **family member.**

2. Any person using **your covered auto** with **your** permission.

. . . . .

## EXCLUSIONS

**We** do not provide Liability Coverage for any **covered person:**

. . . . .

14. **Bodily injury** to you or any **family member;**[5]

Jeremy Powell was operating the insured vehicle with Emily Wamble's permission at the time of the accident, and, therefore, is a covered person within the purview of the liability coverage provisions of the policy.

ACC moves for summary judgment on the issue of the family member exclusion and the duty to defend issue.[6] Emily and Larry, Jr. Wambles cross-move for summary judgment on their counterclaim alleging bad faith breach of contract, breach

---

1. ACC also seeks an adjudication of derivative claims for medical expenses incurred by Larry, Jr.'s parents, the amount of insurance proceeds, if any, to which Autozone, Larry, Jr.'s employer/ health insurer, is entitled, and the issue of duty to defend or indemnify Powell.

2. ACC has paid the bodily injury claims of two other injured passengers under the liability coverage provisions of the subject policy.

3. Larry, Jr. was a minor at the time of the subject accident.

4. *See* Policy at 2 (emphasis in original).

5. *See* Policy, Part 3 at 2 (emphasis in original). ACC concedes that the word "for" needs to be inserted following the numeral 14.

6. ACC's motion is in effect a motion for partial summary judgment.

of fiduciary duties and bad faith breach of oral contract,[7] and, in the alternative, for partial summary judgment on the issue of ACC's contractual liability under the liability coverage provisions of the subject policy. Powell cross-moves for summary judgment on his counterclaim[8] and, in the alternative, for partial summary judgment as to his entitlement to liability coverage for Larry, Jr.'s bodily injuries under the subject policy and litigation expenses in defending this cause. Autozone cross-moves for partial summary judgment on the issue of liability coverage for Larry, Jr.'s bodily injuries under the subject policy.

## II. LAW

### A. Liability Coverage

ACC contends that liability coverage for Larry, Jr.'s injuries is expressly excluded under the family member exclusion clause and that Larry, Jr. is eligible for only uninsured or underinsured motorist coverage upon a showing that Powell was in fact an uninsured or underinsured motorist at the time of the accident. The Mississippi Supreme Court has upheld a "family household exclusion clause" in liability coverage provisions. *E.g., Thompson v. Mississippi Farm Bureau Mut. Ins. Co.,* 602 So.2d 855, 857 (Miss.1992) (policy excluded liability coverage for "bodily injury to or death of the insured or any member of the family of the insured **residing** at the same household") (emphasis added). The court in *Thompson* stated:

7. Emily and Larry, Jr. Wambles concede that there is a genuine issue of material fact regarding the breach of oral contract claim.

8. Powell's counterclaim alleges bad faith on the part of ACC in refusing to pay liability coverage benefits for Larry, Jr.'s bodily injuries and entitlement to reimbursement of defense costs.

9. The court in *Fleming* stated that the exclusion

has been repeatedly held to reveal an obvious purpose to avoid a multiple coverage of several vehicles owned by members of the same family, who, by their close intimacy,

The Court, in upholding the validity of a family household exclusion clause, stated:

There is no valid reason why insurance companies should not have the right, by contract, to avoid coverage for those in the family circle, who, on account of their close intimacy, may be expected to be riding at frequent intervals in the insured car.

*Id.* (quoting *Perry v. Southern Farm Bureau Cas. Ins. Co.,* 251 Miss. 544, 170 So.2d 628, 630 (1965)). *Cf., Fleming v. Travelers Ins. Co.,* 206 Miss. 284, 39 So.2d 885, 886 (1949) (upholding exclusion of liability coverage for named insured's operation of an automobile owned by "any member of the named insured's household").[9]

ACC contends that Larry, Jr.'s blood relationship to Emily Wambles, the named insured, qualifies him as a family member under the policy. The defendants contend that the family member definition is ambiguous and should be construed to impose the household residency requirement on all three criteria, including blood relationships.[10] *See, e.g., Nationwide Mut. Ins. Co. v. Garriga,* 636 So.2d 658, 662 (Miss. 1994) ("Any ambiguities in an insurance contract must be construed against the insurer and in favor of the insured and a finding of coverage.") (citations omitted). The defendants further contend that Larry, Jr. was not a resident of his mother's household at the time of the accident and, therefore, does not fall within the family member exclusion. On the other hand,

may be expected to use the cars of each other without hindrance and with or without permission, thus increasing the liability of the insurer who has a right to expect each owner to contract for his own coverage.

39 So.2d at 887.

10. Emily and Larry, Jr. Wambles assert, in the alternative, that the family member exclusion of liability coverage for bodily injuries of a blood relative not residing in the named insured's household is unconscionable or contrary to public policy.

ACC asserts that even if the residency requirement were applicable, Larry, Jr., as the child of divorced parents is deemed a resident of both parents' households, as a matter of law. The court finds that Larry, Jr. qualifies as a family member under both ACC's interpretation and the defendants' interpretation.

Assuming arguendo that the residency requirement applies to all three types of relationships set forth in the family member definition, i.e., blood, marriage and adoption, the issue is whether Larry, Jr. was a resident of his mother's household at the time of the accident. Under the general rule in Mississippi:

> the residence of a minor is that of his parents and remains so during the period of minority in spite of the temporary absence at school or elsewhere.

*In re Guardianship of Watson*, 317 So.2d 30, 32 (Miss.1975). The Mississippi Supreme Court has explained that the term "residence" is a "more flexible concept" than the term "domicile." *Aetna Cas. and Sur. Co. v. Williams*, 623 So.2d 1005, 1009 (Miss.1993)[11] (determining the residence of a minor child of divorced parents for purposes of uninsured motorist coverage[12]). The court stated:

> Generally, a person may reside in more than one household. We do not require a child to relinquish residence with one parent in order to establish residence with the other nor have we ever before defined the terms "resident" or "residence" so restrictively.

*Id.* The court held that the minor qualified as an insured under his father's uninsured motorist policy:[13]

While holding as a matter *of law* that a minor child is a resident of both parents' households, we nevertheless engaged in a discussion of the facts to support our (and the trial court's) conclusion that the son was *in fact* resident of his father's home.

*Johnson v. Preferred Risk Auto. Ins. Co.*, 659 So.2d 866, 873 (Miss.1995) (emphasis in original) (discussing the *Williams* ruling).

Even if a minor's residence is a question of fact for purposes of insurance exclusionary clauses,[14] the court finds that in fact Larry, Jr. was clearly a resident of his mother's household at the time of the subject accident. Prior to the *Williams* ruling, the court analyzed undisputed facts in addressing the issue "concerning when, and if, a minor ceases to be included in a divorced parent's household for the purposes of exclusion clauses in insurance policies." *Thompson*, 602 So.2d at 857. In *Thompson* the minor daughter was injured as a passenger in her mother's vehicle in route to her father's house in Florida with her clothes and personal belongings; the daughter had arranged for the transfer of her school records to Florida. *Id.* at 856. The court concluded that the minor's residence in her mother's household in Mississippi had not ceased at the time of the accident. *Id.* at 857, 858 (holding that the minor was a family member whose bodily injuries were excluded from liability coverage under her mother's insurance policy). The court considered, *inter alia*, the fact that the minor's "belongings were in her mother's automobile, not having been

---

11. The court stated:
    Once established, a person's domicile remains stationary absent a clear indication of intent to abandon the existing domicile and to establish another. However, one may still have other residences.
    *Williams*, 623 So.2d at 1009 (citation omitted).

12. *See* Miss.Code Ann. § 83–11–103(b).

13. 623 So.2d at 1011.

14. The defendants argue that the court's conclusion in *Williams* that a minor is a resident of both parents' households, as matter of law, is limited to the uninsured motorist context. *Williams*, 623 So.2d at 1008 ("the language of the Mississippi Uninsured Motorist Coverage Act 'must be construed liberally to provide coverage and strictly to avoid or preclude exceptions or exemptions from coverage' ").

transferred to her father's residence [at the time of the accident]." *Id.* at 858.

Since temporary absence does not change a minor's residence, Larry, Jr. remained a resident of his mother's household during his chemical dependency treatment at EMSH. Emily Wambles' affidavit states in part:

> [One of Larry, Jr.'s primary doctors at EMSH] recommended to me that once Larry [Jr.]'s residential treatment was complete at EMSH, Larry should live with his father in Daleville, Alabama. Therefore, based upon this recommendation . . ., I had no intent of allowing Larry to reside in my household. As far as I was concerned, Larry Jr. was going to reside with his father in Daleville, Alabama, once his residential treatment was complete in Meridian, Mississippi.

Even considering Emily Wambles' assertions challenged by ACC as inadmissible hearsay, the court finds that the physician's recommendation and Emily Wambles' intent, with regard to Larry, Jr.'s living arrangements upon completion of his treatment, did not terminate Larry, Jr.'s residence in his mother's household during his treatment. Plans to relocate a minor after an indefinite period of time [15] cannot change his residence since the actual process of moving, as in *Thompson,* does not do so. Since Larry, Jr. is deemed a resident of his mother's household as a matter of law and/or fact, the family member exclusion clause, as construed by the defendants, applies to his bodily injuries. Accordingly, the court finds that there is no genuine issue of material fact as to the exclusion of Powell's liability coverage under the subject policy for Larry, Jr.'s bodily injuries.

**15.** It is undisputed that Larry, Jr. had not completed the chemical dependency program at EMSH prior to the accident and there is no evidence of a completion date.

**16.** Part A at 2 (emphasis in original).

## B. Insurer's Duty to Defend

Powell contends that, as a matter of law, he is entitled to recover from ACC the expenses he has incurred in defending this cause. The subject policy provides in part: [16]

> Subject to the exclusions hereinafter stated, **we** will pay for damages for which any **Covered Person** becomes legally responsible because of **bodily injury** and **property damage** arising out of the ownership, maintenance or use of a car or trailer.

> **We** will settle or defend, as **we** consider appropriate, any claim or suit for these damages. **Our** duty to settle or defend ends when **our** limit of liability for this coverage has been exhausted. **We** will not be obligated to defend, settle, or pay any claim or any judgment not covered by this policy.

ACC assumed under a reservation of rights Powell's defense in a pending state court personal injury action brought by Emily and Larry, Jr. Wambles. Powell asserts his entitlement to a defense of both the underlying state court action and this declaratory judgment action if ACC owes benefits under the liability coverage provisions of the subject policy. Since Powell is not entitled to liability coverage for Larry, Jr.'s bodily injuries under the family member exclusion of the subject policy, the court finds that ACC owes Powell no duty to defend or reimburse.[17]

## CONCLUSION

For the foregoing reasons, the court finds that ACC's motion should be granted. The court further finds that the defendants' cross-motions should be denied.

An order will issue accordingly.

**17.** The court need not determine whether the duty to defend provision of the subject policy contemplates reimbursement of costs incurred in defending an insurer's declaratory judgment action.

## Order

In accordance with the memorandum opinion issued this day, it is **ORDERED:**

That the motion for summary judgment filed by plaintiff/counterdefendant Atlanta Casualty Company [30] is **GRANTED;**

That the cross-motion for summary judgment or, in the alternative, for partial summary judgment filed by defendants/counterplaintiffs Larry W. Wambles, Jr. and Emily B. Wambles is **DENIED;**

That the cross-motion for summary judgment filed by defendant/counterplaintiff Jeremy D. Powell is **DENIED;**

That the cross-motion for partial summary judgment filed by defendant Autozone, Inc. is **DENIED;**

That the amended counterclaim of Emily B. Wambles and Larry W. Wambles, Jr. as to the claims of bad faith breach of insurance contract and breach of fiduciary duties is **DISMISSED WITH PREJUDICE;** and

That Powell's counterclaim is **DISMISSED WITH PREJUDICE.**