997 So.2d 235 (2008)
James Lloyd PRESLEY, Sr., Martha Presley Houston, and Mae Presley Veazey, Appellants/Cross-Appellees
v.
CITY OF SENATOBIA, Mississippi, Appellee/Cross-Appellant.
No. 2007-CA-01027-COA.
Court of Appeals of Mississippi.
December 9, 2008.
*236 Ronald W. Lewis, Oxford, attorney for appellants.
Michael Kevin Graves, Hernando, Jamie Monsour Hall, attorneys for appellee.
Before MYERS, P.J., GRIFFIS and ISHEE, JJ.
MYERS, P.J., for the Court.
¶ 1. James Lloyd Presley, Sr., Mae Presley Veazey, and Martha Presley Houston (the Presleys), appeal the Circuit Court of Tate County's judgment dismissing their suit for lack of jurisdiction. The City, in response, cross-appeals, adding numerous alternate grounds it claims warrant dismissal of the Presleys' suit, including that: (1) the circuit court lacked jurisdiction; (2) the Presleys' claim is barred by the statute of limitations; (3) the claim is barred by collateral estoppel and/or res judicata; (4) the claim is based upon a valid exercise of police power; (5) the claim is barred based on sovereign immunity; (6) any takings claim was waived by the Presleys; and (7) there was not a taking of the Presleys' property.

FACTS
¶ 2. The Presleys each inherited one-third undivided simple fee interest in one hundred acres of agricultural annexed property in Senatobia, Mississippi. The land was annexed by the City in 1997 and was zoned as residential in 1998. Subsequently, valuable gravel deposits were discovered on the property. The Presleys contracted a mineral lease for the gravel deposits, contingent upon obtaining a rezoning of the land for light industrial use. The Presleys filed an application for rezoning on August 30, 2001, with the City, which was later denied on November 6, 2001. The denial was appealed to the circuit court, which affirmed the City's denial of rezoning on September 24, 2002. The Presleys did not take further appeal.
¶ 3. The Presleys later filed suit against the City on September 20, 2005, alleging inverse condemnation of their land on the basis that the City's denial of the rezoning request constituted a regulatory taking. They also requested just compensation for the taking of their mineral estate. The City filed a motion to dismiss or, in the alternative, for summary judgment. The circuit court granted the motion, finding that it lacked jurisdiction because of its 2002 judgment affirming the City's denial of rezoning.

*237 STANDARD OF REVIEW
¶ 4. "In reviewing a trial court's ruling on a motion for summary judgment, this Court conducts a de novo review and `examines all the evidentiary matters before us, including admissions in pleadings, answers to interrogatories, depositions, and affidavits.'" Green v. Allendale Planting Co., 954 So.2d 1032, 1037(¶ 8) (Miss.2007) (quoting Price v. Purdue Pharma Co., 920 So.2d 479, 483(¶ 10) (Miss.2006)). Furthermore, the supreme court has stated:
The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied.
City of Jackson v. Sutton, 797 So.2d 977, 979(¶ 7) (Miss.2001) (quoting Heigle v. Heigle, 771 So.2d 341, 345(¶ 8) (Miss. 2000)).
WHETHER THE CIRCUIT COURT ERRED IN GRANTING SUMMARY JUDGMENT.
¶ 5. The Presleys frame the issue on appeal as whether they failed to exhaust administrative remedies by not appealing the 2002 circuit court judgment affirming the City's denial of their rezoning request. The Presleys argue that by seeking compensation in a subsequent action, they are following a procedure laid out in Dunston v. Mississippi Department of Marine Resources, 892 So.2d 837, 843(¶ 16) (Miss.Ct.App.2005), where this Court stated that, under the facts of that case, the plaintiff was required to first establish a taking by actually seeking a permit to build before filing suit for reverse condemnation.
¶ 6. It is apparent from our reading of the record, however, that failure to exhaust administrative remedies was not the basis for the circuit court's decision. The circuit court's order instead stated:
[The Presleys'] claim of unconstitutional "taking" of their property in the present lawsuit was waived or given up by not following through with their administrative remedy, that being an appeal of the September 24, 2002, order to the Mississippi Supreme court [sic] and, therefore, the Circuit Court of Tate County does not have jurisdiction to hear [the Presleys' claim of a] "taking" separate from the original appeal of the rezoning appeal since it was determined that the denial of [the Presleys'] request was not arbitrary, capricious, discriminatory or beyond the Board's legal authority. Therefore, this Court has already determined by its prior order of September 24, 2002, that the rezoning denial was not confiscatory.
The circuit court thus found that it was barred from relitigating its prior determination that the zoning decision "was not arbitrary, capricious, discriminatory or beyond the Board's legal authority."
¶ 7. Under the doctrine of collateral estoppel, the Presleys are precluded from relitigating in a second action issues already decided in the prior action. Howard v. Howard, 968 So.2d 961, 973(¶ 27) (Miss. Ct.App.2007). The circuit court's prior judgment that denial of the rezoning request was not arbitrary, capricious, or unreasonable necessarily precludes recovery in the instant inverse condemnation suit. See Burdine v. City of Greenville, 755 So.2d 1154, 1158(¶ 7) (Miss.Ct.App.1999) (holding that a denial of a rezoning request does not amount to a confiscatory taking if it is "fairly debatable" and not arbitrary, capricious, or unreasonable (citing Saunders v. City of Jackson, 511 So.2d 902, 906 (Miss.1987))). Furthermore, the Presleys' reliance on Dunston is misplaced, as that *238 case did not involve zoning and the plaintiffs had not sought any administrative remedy whatsoever. Dunston, 892 So.2d at 843(¶ 16).
¶ 8. As the City's issues on cross-appeal are simply alternative grounds for affirming the circuit court's judgment, we need not now address those issues substantively. We would, however, note that cross-appeal is neither required nor expedient where its only purpose is to urge alternative grounds for affirmance. See Dunn v. Dunn, 853 So.2d 1150, 1152 (¶¶ 4-8) (Miss.2003).
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY IS AFFIRMED ON DIRECT AND CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANTS/CROSS-APPELLEES AND THE APPELLEE/CROSS-APPELLANT.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.