BARNES, J.,
 

 for the Court:
 

 ¶ 1. Thomas Hasselle struck and injured his wife, Shirley Hasselle, with the couple’s automobile. The Hasselles were both named insureds under an automobile insurance policy issued by Alfa Insurance Corporation (Alfa). The insurance adjuster for Alfa offered the Hasselles a $40,000 settlement on the claim, but the couple refused the offer. Alfa subsequently realized its initial offer was a mistake as the terms of the liability-coverage portion of the policy excluded Shirley as a named insured and as a family member. However, Alfa did provide coverage under the policy’s uninsured motorist and medical-payment provisions. Alfa filed a request for a declaratory judgment with the Pike County Chancery Court and interpled the funds owed to Shirley. The chancellor entered a declaratory judgment and a subsequent amended declaratory judgment against Alfa; both judgments ruled that Shirley was not excluded under the liability portion of the policy. As there remained additional un-adjudicated counterclaims filed by the Hasselles, the chancellor transferred his judgment and the counterclaims to the Pike County Circuit Court. Alfa filed a motion for summary judgment in regard to the counterclaims, which the circuit court granted.
 
 [1]
 
 Alfa now appeals the chancery court’s ruling in its declaratory judgment and amended declaratory judgment. Finding error, we
 
 *373
 
 reverse and render judgment in favor of Alfa.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On July 26, 2005, Thomas was operating his automobile when he accidentally struck his wife, Shirley, and caused her bodily injury. The Hasselles were named insureds under an automobile insurance policy issued by Alfa. On October 20, 2005, an insurance adjuster for Alfa, Sean Oakley, offered the Hasselles $40,000 to settle any outstanding claim against the policy. However, the Hasselles rejected the offer and demanded $900,000 for pain and suffering and $50,000 for medical expenses.
 

 ¶ 3. On December 13, 2005, Oakley replied to the Hasselles’ demand letter, informing them that the offer of $40,000 was a mistake as liability coverage did not exist under the terms of the policy. Under Part A of the policy, there existed an exclusion for liability coverage for “any bodily injury to any covered person.” The term “covered person” included any named insured, spouse, or any other family member that lives with the insured. Alfa offered $10,000 in uninsured motorist benefits and $5,000 in medical payments to the Has-selles, who rejected the offer.
 

 ¶ 4. On December 22, 2005, Alfa filed a declaratory-judgment action and inter-pleader in the Pike County Chancery Court, “seeking a declaration of the rights and obligations of Alfa” under the policy. It interpled $5,000 for Shirley’s medical expenses and $10,000 in uninsured motorists benefits.
 
 [2]
 
 The Hasselles filed a response on March 13, 2006, requesting that Alfa’s complaint be dismissed with prejudice.
 

 ¶ 5. Alfa filed a motion for summary judgment on April 3, 2006. The Hasselles filed a motion to amend and an amended response to the complaint for declaratory judgment on June 9, 2006, which contained allegations of breach of implied covenants of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, and unconscionability.
 
 [3]
 
 The chancery court granted the Hasselles’ motion to amend on June 19, 2006, and Alfa’s motion for summary judgment was denied.
 

 ¶ 6. On October 17, 2006, the chancery court held a trial on Alfa’s declaratory-judgment complaint. The chancery court entered its judgment on December 18, 2006, and found that Shirley was “not excluded from coverage under the liability portion” of the policy, citing compliance with the requirements of Mississippi Code Annotated section 63-15^3 (Supp.2010). Alfa appealed the declaratory judgment to the Mississippi Supreme Court, which granted an interlocutory review. However, the supreme court later ruled that Alfa’s petition for interlocutory appeal was improvidently granted. Alfa had also filed a direct appeal which was dismissed as there existed pending counterclaims by the Hasselles; thus, the chancellor’s ruling was not a final judgment under Rule 54(b) of the Mississippi Rules of Civil Procedure.
 

 ¶ 7. Alfa filed a motion to dismiss the counterclaims on May 12, 2008. The Has-selles filed a response to the motion on August 8, 2008. An amended declaratory judgment was entered by the chancery court on November 4, 2008, which restated its previous ruling that Shirley was eov-
 
 *374
 
 ered under the liability portion of the policy and added that all other claims are to be considered at a later time. The chancery court subsequently dismissed Alfa’s pending motion and transferred the case and all remaining counterclaims to the Pike County Circuit Court on November 17, 2008. Alfa filed a motion for summary judgment with the circuit court, which was granted on March 25, 2010.
 

 ¶ 8. Alfa filed a timely notice of appeal with the circuit court, claiming that ruling in the chancellor’s declaratory judgment and amended declaratory judgment was contrary to Mississippi law. Finding that the chancellor’s rulings in his judgments were in error, we reverse and render judgment in favor of Alfa.
 

 STANDARD OF REVIEW
 

 ¶ 9. If a chancellor’s findings are supported by substantial evidence, they will not be disturbed on appeal “unless the chancellor abused his or her discretion, was manifestly wrong, clearly erroneous, or applied an erroneous legal standard.”
 
 Wesley M. Breland, Realtor, Inc. v. Amanatidis,
 
 996 So.2d 176, 179 (¶ 12) (Miss.Ct.App.2008) (citing
 
 Sanderson v. Sanderson,
 
 824 So.2d 623, 625-26 (¶ 8) (Miss.2002)). However, “[questions of law are reviewed de novo.”
 
 Id.
 
 (citation omitted).
 

 I. Whether the Hasselles’ arguments in the appellees’ brief may be considered on appeal.
 

 ¶ 10. In the appellees’ brief, the Hasselles argue that the language in the policy was ambiguous and breached “an implied covenant of good faith and fair dealing.” Alfa contends that these issues were not raised by Alfa on appeal and are not properly before this Court as the Has-selles failed to file a notice of cross-appeal.
 

 ¶ 11. Under Mississippi Rule of Appellate Procedure 4(c), once a party files a notice of appeal, “any other party may file a notice of appeal within 14 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.” M.R.A.P. 4(c). However, a party is not required to file a cross-appeal if its only purpose “is to urge alternative grounds for affirmance.”
 
 Presley v. City of Senatobia,
 
 997 So.2d 235, 238 (¶ 8) (Miss.Ct.App.2008);
 
 see also Dunn v. Dunn,
 
 853 So.2d 1150, 1152 (¶ 8) (Miss.2003) (holding that “an appellee should not be required to file a cross-appeal unless he or she is aggrieved by the trial court’s judgment.”). The Hasselles’ claims are merely to defend the chancellor’s ruling in the declaratory judgments. They do not seek to reverse or alter the. chancellor’s judgments. Nor have they sought to reverse or alter the circuit court’s grant of summary judgment in favor of Alfa. Moreover, the chancellor noted at trial that the ambiguity of the policy language was an issue before the court. Accordingly, we find that the Hasselles were not required to bring those issues in a cross-appeal, and we proceed to review the merits of Alfa’s issue on appeal, addressing the arguments made by the Hasselles pertinent to the appeal.
 

 II. Whether the chancery court erred in ruling that Shirley was not excluded under the liability-coverage portion of the Hasselles’ automobile policy.
 

 ¶ 12. Reading the Hasselles’ automobile policy in conjunction with Mississippi Code Annotated section 63-15-43 (the Mississippi Motor Vehicle Safety Responsibility Law), the chancellor stated at trial that Shirley “was not excluded from coverage under the liability portion of the policy[.]” Section 63-15^43 reads, in pertinent part, that:
 

 
 *375
 
 (2) Such owner’s policy of liability insurance:
 

 [[Image here]]
 

 (b)
 
 Shall pay
 
 on behalf of the insured named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured,
 
 all sums which the insured shall become legally obligated to pay
 
 as damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: Twenty-five Thousand Dollars ($25,-000.00) because of bodily injury to or death of one (1) person in any one (1) accident and, subject to said limit for one (1) person, Fifty Thousand Dollars ($50,000.00) because of bodily injury to or death of two (2) or more persons in any one (1) accident, and Twenty-five Thousand Dollars ($25,000.00) because of injury to or destruction of property of others in any one (1) accident.
 

 (Emphasis added). The chancery court further noted that spousal immunity had been abrogated in
 
 Burns v. Burns,
 
 518 So.2d 1205 (Miss.1988) and that, “when read in conjunction with the new compulsory liability insurance law, the court would find that it is against public policy to exclude a person who could bring suit against an insured and recover[.]”
 

 ¶ 13. Alfa contends that this ruling by the chancery court was erroneous and “is contrary to the holdings of the Mississippi Supreme Court.” The policy language stated that Shirley, as a named insured and as a family member, was excluded from liability coverage. Under the “Definitions” section of the policy, it reads:
 

 Throughout this policy you and your means:
 

 1. The named insured shown in the declaration.
 

 2. The spouse if a resident of the same household.
 

 [[Image here]]
 

 Covered Person — means:
 

 1. You and your.
 

 2. Family members.
 

 Under Part A of the policy, which addresses Liability Coverage, it states:
 

 If this coverage is shown on your declaration, we will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of car accident arising out of the ownership, use or maintenance of a covered car or non-owned car.
 

 [[Image here]]
 

 EXCLUSIONS
 

 We do not provide Liability Coverage for:
 

 [[Image here]]
 

 9. Any bodily injury to any covered person.
 

 ¶ 14. As cited by Alfa, the Mississippi Supreme Court considered a similar exclusionary provision in regard to liability coverage for family members in
 
 Thompson v. Mississippi Farm Bureau Mutual Insurance Co.,
 
 602 So.2d 855, 856 (Miss.1992), which, incidently, was decided after
 
 Bums.
 
 The supreme court, addressing the more specific issue of whether the excluded family member resided with the policy holder, upheld this type of family exclusionary policy provision for liability coverage. In its analysis, the supreme court quoted its prior opinion in
 
 Perry v. Southern Farm Bureau Casualty Insurance Co.,
 
 251 Miss. 544, 170 So.2d 628, 630 (1965), stating: “There is no valid reason why insurance companies should not have the right, by contract, to avoid coverage for those in the
 
 *376
 
 family circle, who, on account of their close intimacy, may be expected to be riding at frequent intervals in the insured car.”
 
 Id.
 
 at 587, 170 So.2d 628.
 

 ¶ 15. The Hasselles argue in favor of the chancery court’s holding, asserting that the policy language was complex and ambiguous and that they were unaware that such an exclusion existed. The Hasselles cite one case,
 
 Shook v. State Farm Mutual Insurance Co.,
 
 872 F.Supp. 768, 774 (D.Mont.1994), which deals with a similar “household exclusion,” to support their proposition that separately listed provisions in a policy must be read together, and if ambiguity is found, then the provision is void. The Hasselles also note the Alfa adjuster’s confusion, which mistakenly resulted in the $40,000 offer.
 

 ¶ 16. Reviewing the policy provisions at issue and listed above, we conclude that they are clear and unambiguous. Furthermore,
 
 Shook
 
 is not controlling law in Mississippi. As aptly stated by the Mississippi Supreme Court in
 
 Perry,
 
 although “[ojther authorities, together with cases from different jurisdictions, have been brought to the attention of the Court[,j ... the polestar, from which the Court has taken its reckoning, is found in the general principles which have permeated the jurisdiction of
 
 this state
 
 [.]”
 
 Perry,
 
 170 So.2d at 631 (emphasis added). We acknowledge that Justice McRae wrote a lone dissent in
 
 Thompson,
 
 arguing the same public policy and statutory arguments employed by the chancellor in the case before us.
 
 Thompson,
 
 602 So.2d at 860-64 (McRae, J., dissenting). However, the
 
 Thompson
 
 majority rejected the dissent’s arguments, and this Court is bound by the precedent upheld in that case — that exclusionary provisions for family members and named insureds from liability coverage are valid and enforceable in this state.
 

 ¶ 17. We also disagree that the exclusion of Shirley from liability coverage conflicts with section 63 — 15—43(2)(b) of the Mississippi Motor Vehicle Safety Responsibility Law. This statutory provision was enacted in 1952, prior to
 
 Perry
 
 and
 
 Thompson,
 
 and subsequent amendments have not affected the pertinent language in the statute. Rather, the amendments primarily pertain to increasing the monetary limits of coverage. This Court has observed “that when the [Ljegislature leaves statutory language unchanged, it presumably ratifies settled judicial interpretations of that language.”
 
 Tolbert v. Southgate Timber Co.,
 
 943 So.2d 90, 96 (¶ 21) (Miss.Ct.App.2006) (citing
 
 In re Kelly’s Estate,
 
 193 So.2d 575, 577-78 (Miss.1967)). “If ... the public interest demands a change in the Safety Responsibility Law, then it will be up to the [Ljegislature to make such change.”
 
 State Farm Mut. Auto. Ins. Co. v. Mettetal,
 
 534 So.2d 189, 194 (Miss.1988).
 

 ¶ 18. We find that Shirley was excluded from liability coverage under the policy terms and only entitled to payment under the uninsured motorist and medical-payments portions of the policy. Accordingly, the chancery court’s findings in its declaratory judgment, and its amended declaratory judgment, were erroneous; therefore, we reverse and render judgment in favor of Alfa.
 

 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.
 

 [1]
 

 . The circuit court's grant of summary judgment is not at issue in this appeal.
 

 [2]
 

 . Shirley had already been reimbursed $1,476.25 for her medical expenses. Therefore, only the remaining balance of $3,523.75 was tendered to the chancery clerk.
 

 [3]
 

 . The record reflects that these identical claims were contained in a complaint filed by the Hasselles in federal court. However, those filings are not contained in the record and are not at issue here.