FAIR, J.,
for the Court:
¶ 1. Machón Lyons sought a declaratory judgment against Direct General Insurance Company, asserting that an insured and his insurance carrier could not contractually exclude a family member from liability coverage under Mississippi’s mandatory liability insurance statutes. The Monroe County Circuit Court granted summary judgment in favor of Direct. Lyons now appeals. Finding that Mississippi Code Annotated section 63-15-4S(2)(b) requires policy coverage for all permissive drivers, we reverse the judgment of the trial court.
FACTS
112. Lyons was in the passenger seat of Roderick Holliday’s car when it left the road and ran into a tree. Lyons was severely injured in the single-car accident and won a judgment against Holliday for $72,500. Direct was notified of Lyons’s suit prior to its filing.
¶ 3. Holliday was operating a Chevrolet Lumina, which his mother, Daisy Lang, had insured through Direct. Direct denied coverage because the policy specifically excluded Holliday from coverage. It is undisputed that Holliday lived with his mother and operated the Lumina with her permission.
¶ 4. Lyons then sued Direct seeking a declaration that the judgment against Hol-liday, which Direct had declined to defend, was covered under Lang’s policy. After a hearing, the circuit court granted Direct’s motion for summary judgment finding that the policy exclusion was clear, unambiguous, and enforceable.
¶ 5. Lyons now appeals asserting that circuit court erred in enforcing an exclusionary clause that circumvents Mississippi’s mandatory liability insurance coverage. Specifically, Lyons argues that an insured cannot exclude from coverage a member of her household or anyone else who drives a covered vehicle with the permission of the insured.
STANDARD OF REVIEW
¶ 6. We review a grant of summary judgment de novo. Tallahatchie Gen. Hosp. v. Howe, 49 So.3d 86, 91 (¶ 14) (Miss.2010) (citation omitted). Summary judgment should only be granted where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c). The interpretation of an insurance policy is a question of law, not fact. Noxubee Cnty. Sch. Dist. v. United Nat’l Ins. Co., 883 So.2d 1159,1165 (¶ 13) (Miss.2004).
DISCUSSION
1. Named-Driver Exclusions
¶7. Under section 63-15-4(2)(a) of the Mississippi Code Annotated (Supp.2012), liability insurance is mandatory for vehicles operated in Mississippi.[1] The requirements for these mandatory liability insurance policies are set out in section 68-15- *932 43 of the Mississippi Code Annotated (Supp.2012). However, our statute is silent regarding named-driver exclusions.
¶ 8. Named-driver exclusions allow the insured to specifically exclude a designated person from liability coverage. This exclusion allows insureds to lower premiums by removing from their insurance teenagers or spouses who may have poor driving records. Ideally, after executing such an exclusion, the insured would not allow the designated person to operate the insured vehicle.[2]
¶ 9. Some states’ statutes specifically approve named-driver exclusions.[3] But in those states without such clear guidance, three trends have emerged. California and Texas have upheld named-driver exclusions reasoning that their respective statutes were not designed to protect insureds from claims that arise from the negligent use of their vehicles by excluded drivers.[4] Utah and West Virginia have upheld such exclusions, but only for amounts above the statutory minimum coverage.[5] Thus, if one is injured by an excluded driver, he is still entitled to the statutory minimum coverage. Finally, New Hampshire has invalidated the named-driver exclusion altogether reasoning that the paramount purpose of the statute was to provide compensation to persons harmed by negligent motor-vehicle operation.[6]
2. The Omnibus Clause
¶ 10. A motor vehicle liability policy for a Mississippi resident:
[sjhall pay on behalf of the insured named therein and any other person, as insured, using any such motor vehicle ... with the express or implied permission of such named insured, all sums which the insured shall become legally obligated to pay as damages arising out of the ... use of such motor vehicle ... subject to limits exclusive of interests and costs .... [t]wenty-five [tjhousand [djollars ($25,000.00) because of bodily injury to or death of one (1) person in any one (1) accident....
Miss.Code Ann. § 63-15-43(2)(b).
¶ 11. Under a plain reading of the statute, it would appear that an insurer must pay damages if anyone operating a covered vehicle with the insured’s permission is found liable. The Mississippi Supreme Court has stated: “Whatever the Legislature says in the text of the statute is considered the best evidence of the legislative intent.... It is the task of the Legislature and not this Court to make the laws of this state.” Miss. Dep’t of Transp. v. *933 Allred, 928 So.2d 152,155 (¶¶ 14,17) (Miss. 2006).
¶ 12. Direct argues that its named-driver exclusion is clear and unambiguous and must be enforced under settled principles of contract law. - But “[i]t is well settled in Mississippi that in the event of a conflict between the language of an automobile liability insurance policy and the statutory requirement, the statutory provisions are incorporated into and become a part of the policy.” State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co., 601 F.Supp. 286, 289 (S.D.Miss.1984) (citing Vaughn v. State Farm Mut. Auto. Ins. Co., 359 So.2d 339, 341 (Miss.1978), overruled on other grounds by State Farm Mut. Auto. Ins. Co. v. Mettetal, 534 So.2d 189 (Miss.1988)). Therefore, the endorsement excluding coverage for Holliday is in conflict with the statutory provisions of section 63-15-43(2)(b) and is invalid.
¶ 13. In ease law decided before our mandatory liability coverage, the omnibus clause was found to extend liability coverage to permittees and even second permit-tees through implied consent. See State Farm Mut. Auto. Ins. v. Moore, 289 So.2d 909, 912 (Miss.1974), overruled on other grounds by State Farm Mut. Auto. Ins. Co. v. Mettetal, 534 So.2d 189 (Miss.1988). In Moore, a son had unfettered control over the automobile his parents insured, and an accident occurred while the son’s friend was driving the vehicle. Id. at 912. The supreme court found that the friend had the son’s express consent and the parent’s implied consent to operate the automobile and therefore was insured under the omnibus clause. Id.
¶ 14. We believe the Legislature intended to provide a minimum level of financial security to third parties who might suffer bodily injury or property damage from negligent drivers. That is the mandatory coverage requirements of a minimum of $25,000 for bodily injury to one person, $50,000 for bodily injury to two or more persons, and $25,000 for property damage. But above our statutory minimum coverage, an insurer and insured may agree to a named-driver exclusion.
3. The Hasselle Decision
¶ 15. Direct urges this Court to follow the ruling in Alfa Ins. Corp. v. Hasselle, 74 So.3d 371, 375-76 (¶¶ 14-16) (Miss.Ct.App. 2011), where we upheld an exclusionary provision for family members and named insureds regarding liability coverage. In this case, however, the context is completely different.
¶ 16. In Hasselle, a husband struck and injured his wife with their vehicle. Id. at 372 (¶ 1). They were both named insureds under their policy, which excluded liability coverage for any injury to a covered person. Id. at 372-73 (¶¶ 1-3). We explained that an insurance company should have the right, by contract, “to avoid coverage for those in the family circle, who, on account of their close intimacy, may be expected to be riding at frequent intervals in the insured car.” Id. at 375-76 (¶ 14). In essence, family members cannot injure each other and then recover from their insurance company.
¶ 17. Here, Holliday was permitted to operate his mother’s car and caused injury to a third party. This is not a family-member-exclusion issue. In fact, this is exactly the situation our statute addresses, injury to a third party by a negligent driver.
CONCLUSION
¶ 18. We conclude that named-driver exclusions cannot defeat mandatory liability coverage for persons operating a covered vehicle with the permission of the *934 insured, at least up to the statutorily required minimum coverage. The grant of summary judgment by the Monroe County Circuit Court is reversed, and we remand this case for further proceedings consistent with this opinion.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ, BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. “Every motor vehicle operated in this state shall have an insurance card maintained in the vehicle as proof of liability insurance....” Miss.Code Ann. § 65-15-4(2)(a).

. In this case, there is a contractual penalty for allowing an excluded driver to operate the insured vehicle: "In the event the Company is obligated to pay for any accident ... while a covered auto or insured vehicle is in the possession or control of or is being used or operated by any of the above excluded person[s], the Named Insured agrees to reimburse the Company for any and all claim payments and expenses of any kind.”

. See Beacon Ins. Co. v. State Farm Mut. Ins. Co., 795 S.W.2d 62, 64 (Ky.1990); League Gen. Ins. Co., v. Budget Rent-A-Car, 432 N.W.2d 751, 753 (Mich.Ct.App.I988), overruled on other grounds by Titan Ins. Co. v. Hyten, 491 Mich. 547, 817 N.W.2d 562, 569-70 (Mich.2012).

. See Associated Indem. Corp. v. King, 33 Cal. App.3d 470, 474, 109 Cal.Rptr. 190 (Cal.Ct. App.I973); Wright v. Rodney D. Young Ins. Agency, 905 S.W.2d 293, 295-96 (Tex.Ct.App. 1995).

. See Allstate Ins. Co. v. Fid. & Guar. Co., 619 P.2d 329, 333 (Utah 1980); Jones v. Motorists Mut. Ins. Co., 177 W.Va. 763, 356 S.E.2d 634, 637 (1987).

. See Peerless Ins. Co. v. Vigue, 115 N.H. 492, 345 A.2d 399, 400-01 (1975).