ON WRIT OF CERTIORARI

DICKINSON, Presiding Justice,
for the Court:
¶ 1. An insurance company denied an injured passenger’s personal-injury claim against the driver because its policy excluded any coverage for the person who was driving, and who was also the tortfea-sor. The circuit court granted the insurance company summary judgment. But because — to the extent of statutorily required liability coverage — the policy exclusion violates Mississippi law, we reverse in part.
*888 FACTS AND PROCEDURAL HISTORY
¶ 2. Machón Lyons suffered severe injuries in an single-car automobile accident. The accident occurred when a Chevrolet Lumina operated by Roderick Holliday— in which Lyons was a passenger — left the road and collided with a tree. As a result, Lyons obtained a default judgment of $72,500 against Holliday.
¶ 3. Holliday’s mother, Daisy Lang, insured the Chevrolet Lumina through Direct General Insurance Company of Mississippi. Lang’s policy included a provision specifically excluding Holliday from any coverage under the policy. Accordingly, Direct denied coverage for the judgment.
¶4. Lyons sought a declaratory judgment, asking the Circuit Court of Monroe County to hold that Lang’s policy covered the judgment against Holliday. Lyons acknowledged the policy exclusion, but argued that Lang’s policy covered the judgment against Holliday because Mississippi law[1] requires minimum-liability coverage for all permissive drivers, and because Lang’s insurance card — provided to Lang by Direct General for use as evidence of coverage — failed to mention any permissive-driver exclusions. This, according to Lyons, created an ambiguity that should be resolved in favor of the injured party.
¶ 5. The circuit court granted summary judgment in favor of Direct, finding that the policy clearly and specifically excluded coverage of Holliday. Lyons appealed.
¶ 6. The Mississippi Court of Appeals reversed,[2] finding that Mississippi Code Section 63-15-4(2)(a) requires liability insurance for all vehicles operated in Mississippi and that Mississippi Code Section 63-15-43 requires that the liability insurance policy “[sjhall pay on behalf of the named insured and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured....”[3] Accordingly, the court held that an insured’s policy must cover all permissive drivers, rendering the named-driver exclusion void up to the minimum coverage limits.[4] Although the Court of Appeals reached the right result, it cited as its authority the incorrect statute, so we granted certiorari.
ANALYSIS
¶ 7. In its petition for certiorari Direct argues that the Court of Appeals erred because Section 63-15-43 does not establish the requirements for minimum mandatory liability coverage. Rather, Direct argues that Section 63 — 15—3(j) provides the minimum requirements for mandatory liability insurance and, because that section lacks any requirement for coverage of all permissive drivers, its named-driver exclusion — which unambiguously excludes Holli-day as a covered driver — is valid under Mississippi law.
¶ 8. Mississippi law requires liability insurance for every motor vehicle operated within the state:
Every motor vehicle operated in this state shall have an insurance card maintained in the motor vehicle as proof of liability insurance that is in compliance with the liability limits required by Section 63 — 15—3(j). The insured parties shall be responsible for maintaining the insurance card in each motor vehicle.[5]
*889 But the Court of Appeals erred by finding that “[t]he requirements for these mandatory liability insurance policies are set out in section 63-15-43 of the Mississippi Code.”[6] Section 63-15-4 specifically provides that the insurance policy must comply with the requirements of Section 63-15-3(j),[7] which makes no reference to Section 63-15-43.[8]
It 9. Further, Section 63-15-43 applies by its terms to “an owner’s or an operator’s policy of liability insurance, certified as provided in Section 63-15-39 or Section 63-15-41.”[9] We previously have addressed the precise issue of whether Section 63-15^3 applies “to all automobile liability insurance policies issued in the State, or only to those certified as proof of financial responsibility.” [10]
1110. Prior to 2001, Mississippi law contained no general requirement that the owner or operator of a vehicle carry liability insurance.[11] Instead, Mississippi law required that the Department of Public Safety suspend all automobile registrations of an owner — or the driver’s license of an operator — of any vehicle involved in an accident without liability insurance, unless the owner or operator could produce proof of future financial responsibility[12] by “providing a written certificate of an insurance company ‘certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility.’ ”[13]
¶ 11. When the insured party in Mette-tal voluntarily obtained his liability insurance policy, unrelated to any accident or proof of future financial responsibility,[14] we had to determine whether an exclusion contained in the voluntarily obtained policy — which conflicted with the requirements of Section 63-15-43 — could be enforced.[15] We held that it could because “it is clear from the language of Subsection (1) that the provisions of § 63-15-43 apply only to policies certified as proof of financial responsibility.”[16]
¶ 12. Since the Mettetal decision, the Legislature has repealed the requirement for proof of future financial responsibility following an accident,[17] and has adopted a requirement that all vehicles operated within the State have liability insurance.[18]
¶ 13. Likewise, in the case before us today, Section 63-15-43 is inapplicable by its own language because, by its terms, it applies only to policies certified under Sections 63-15-39 and 63-15-41.[19] Because neither of the parties before us today suggests that the liability policy in the present case is one certified under Sections 63-15-39 and 63-15-41, the Court of Appeals *890 erred by applying the requirements of Section 63-15-43.
¶ 14. But our analysis does not conclude here. Section 63 — 15—4(2)(b) provides that an “insurance company issuing a policy of motor vehicle liability insurance as required by this section shall furnish to the insured an insurance card for each motor vehicle....”[20] Here, the parties stipulated that the insurance card Direct issued to Daisy Lang was her evidence of insurance coverage. Counsel for Direct confirmed at oral argument that this coverage was the coverage required by Mississippi statute.
¶ 15. For automobiles operated in Mississippi, Section 63-15-4(2)(a) requires that an insurance card be “maintained in the motor vehicle,” and that the insurance card serve as “proof of liability insurance that is in compliance with the limits required by Section 63-15-30) ”[21] This statute — when read together with Section 63-15-4(2)(b), which requires the insurance company to issue the card — leaves no doubt that an insurer may not issue an insurance card for use as proof of coverage unless the policy complies with minimum statutory requirements. And if the policy provides no liability coverage for certain drivers, it does not comply.
¶ 16. Accordingly, we hold that Daisy Lang’s Direct General policy did not comply with the following minimum-liability coverage requirements
_in the amount of Twenty-five Thousand Dollars ($25,000.00) because of bodily injury to or death of one (1) person in any one (1) accident, and subject to said limit for one (1) person, in the amount of Fifty Thousand Dollars ($50,-000.00) because of bodily injury to or death of two (2) or more persons in any one (1) accident, and in the amount of Twenty-five Thousand Dollars ($25,-000.00) because of injury to or destruction of property of others in any one (1) accident.[22]
¶ 17. This mandatory liability insurance requirement pertains to vehicles, not owners or operators. Said differently, every vehicle operated within this State must have the statutorily required minimum-coverage requirements of $25,000 for injury to one person, $50,000 for injury to two or more people, and $25,000 for property damage.[23] A liability policy that purports to exclude that coverage for certain drivers fails to comply with the statutory mandate.
¶ 18. The dissent labels as “mysterious” our belief that exclusions to the statutorily mandated minimum-liability limits must come from — or be authorized by — the Legislature. But we find compelling the fact that the Legislature passed a lawful statute that unequivocally requires automobiles to maintain minimum-liability coverage in the amount of $25,000. Because the statute neither includes nor authorizes exclusions, we must hold that the exclusion at issue in this case does not apply to the first $25,000 of liability. The Legislature possesses the sole power to authorize such exclusions, and automobile insurers are not free to escape the statutorily required minimum-liability coverage simply by inserting an exclusion of their choice — no matter how well-reasoned — into their policies. Arguments for exceptions to clear statutory requirements should be made to the Legislature, not this Court.
*891 ¶ 19. The dissent also states that “parties are free to agree to whatever contractual terms they wish as long as the terms are not prohibited.” We agree. The parties indeed may negotiate — and automobile insurers may include — exclusions from coverage, so long as those exclusions do not emasculate the statutorily required minimum coverage. In other words, our opinion does not invalidate the exclusion at issue today for amounts which exceed the statutorily required minimum.
¶ 20. The dissent’s concern appears focused on other commonplace exclusions that are not at issue here. The essence of the dissent’s position is, if automobile insurers may exclude the minimum statutory coverage for intentional acts, why not for certain drivers? While this issue is not before us, it does showcase a problem that suggests additional analysis.
¶21. The dissent suggests that — so long as automobile insurers provide the minimum statutory coverage — they are free to exclude from that coverage any acts they choose. We find to be a non sequitur the notion that insurance companies are free to insert their own exceptions to minimum requirements. Requirements are just that — requirements—and nothing in the statute suggests that exceptions exist, or that insurance companies are authorized to include them in their policies. Indeed, this unbridled freedom would leave automobile insurers free to exclude coverage for accidents in which their insureds were exceeding the speed limit or under the influence of alcohol.
¶ 22. We have reached a similar conclusion in the context of uninsured-motorist benefits. Pakita Payne obtained an uninsured motorist policy which specifically excluded coverage when her husband Randy drove their car.[24] We held the named-driver exclusion in that case void because it defeated the purposes of the statutory requirement for uninsured-motorist benefits, and it did not meet the statutory requirements for waiver.[25] Here, we have no statutory provision for waiver. Our statutes create an absolute requirement for liability insurance up to the statutory minimum.
CONCLUSION
¶ 23. Accordingly, we find that, even though Holliday was an excluded driver under the Direct General policy issued to Daisy Lang, the exclusion did not operate to eliminate liability coverage in the minimum amounts required by statute, so we affirm the judgment reached by the Court of Appeals, although we disagree with its citation of authority, and reverse the trial court’s grant of summary judgment and remand for proceedings consistent with this opinion.
¶ 24. THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT IS REVERSED AND THE CASE IS REMANDED.
LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ, CONCUR. COLEMAN, J„ DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J. WALLER, C.J., NOT PARTICIPATING.

. Miss.Code Ann. § 63-15-43 (Rev.2013).

. Lyons v. Direct Gen. Ins. Co. of Miss., 138 So.3d 930 (Miss.Ct.App.2013).

.Miss.Code Ann. § 63-15-43(2)(b) (Rev. 2013).

.Lyons, 138 So.3d at 933.

. Miss.Code Ann. § 63-15-4(2)(a) (Rev.2013).

. Lyons, 138 So.3d at 931-32.

. Miss.Code Ann. § 63-15-4(2)(a) (Rev.2013).

. Miss.Code Ann. § 63 — 15—3(j) (Rev.2013).

. Miss.Code Ann. § 63-15-43(1) (Rev.2013).

. State Farm Mut. Auto. Ins. Co. v. Mettetal, 534 So.2d 189, 190 (Miss.1988).

. Id. at 192.

. Id. (citing Miss.Code Ann. § 63-15-11 (repealed March 20, 2013)).

. Id. (quoting Miss.Code Ann. § 63-15-39).

. Id. at 190.

. Id.

. Id. at 193.

. Miss.Code Ann. § 63-15-11 (repealed March 20, 2013).

. Miss.Code Ann. § 63-15-4(2)(a) (Rev. 2013).

. Miss.Code Ann. § 63-15-43(1) (Rev.2013).

. Miss.Code Ann. § 63-15-4(2)(b) (Rev. 2013).

. Miss.Code Ann. § 63-15-4(2)(a) (Rev. 2013) (emphasis added).

. Miss.Code Ann. § 63-15-4(2)(a) (Rev. 2013)

. Miss.Code Ann. § 63 — 15—3(j) (Rev.2013)

. Atlanta Cas. Co. v. Payne, 603 So.2d 343, 344 (Miss. 1992).

. Id. at 346, 347.