KITCHENS, JUSTICE,
dissenting:
¶ 22. Because I believe Mississippi Code Section 63-15-4(2) (Rev.2013) and this Court’s decision in Lyons v. Direct General Insurance Company of Mississippi, 138 So.3d 887 (Miss.2014), prohibit Safeway’s voiding Busby’s automobile insurance policy, I respectfully dissent.
¶23. Mississippi law requires liability insurance for every motor vehicle operated on the streets, roads, and highways of the state:
Every motor vehicle operated in this state shall have an insurance card maintained in the motor vehicle as proof of liability insurance that is in compliance with the liability limits required by Section 63 — 15—3(j). The insured parties shall be responsible for maintaining the insurance card in each motor vehicle.
*246 Miss.Code Ann. § 63-15-4(2)(a) (Rev.2013) (emphasis added). Furthermore, the relevant minimum liability insurance limits under Mississippi law are:
.... in the amount of Twenty-five Thousand Dollars ($25,000.00) because of bodily injury to or death of one (1) person in any one (1) accident, and subject to said limit for one (1) person, in the amount of Fifty Thousand Dollars ($50,-000.00) because of bodily injury to or death of two (2) or more persons in any one (1) accident, and in the amount of Twenty-five Thousand Dollars ($25,-000.00) because of injury to or destruction of property of others in any one (1) accident.
Miss.Code Ann. § 63-15-3(j) (Rev.2013).
¶24. This Court recently interpreted these statutes with regard to named-driver exclusions in Lyons. In that case, Ma-chón Lyons suffered severe injuries in a single-car automobile accident when a Chevrolet Lumina automobile driven by Roderick Holliday, in which Lyons was a passenger, collided with a tree. Lyons v. Direct Gen. Ins. Co., 138 So.3d 887, 888 (Miss.2014). Holliday’s mother, Daisy Lang, had insured the Chevrolet Lumina through Direct General Insurance Company of Mississippi. Id. Lang’s liability insurance policy included a provision that specifically excluded her son, Roderick, from coverage under the policy. Id. Accordingly, Direct denied coverage for Lyons’s injuries. Id.
¶ 25. The circuit court granted summary judgment in favor of Direct, finding that the policy clearly and specifically excluded coverage of Holliday. Id. Lyons appealed, arguing that Lang’s policy covered the damages incurred by Holliday because Mississippi law requires minimum limits of liability insurance coverage for all permissive drivers. Id.
¶ 26. The Mississippi Court of Appeals reversed, holding that an insured’s policy must cover all permissive drivers, rendering the named-driver exclusion void up to the amount of the policy’s minimum-coverage limits. Although the Court of Appeals reached the right result, it cited an incorrect statute in arriving at that result. Lyons v. Direct Gen. Ins. Co., 138 So.3d 930, 932-33 (Miss.Ct.App.2012). This Court granted certiorari. Lyons, 138 So.3d at 887.
¶ 27. We looked to Section 63-15-4(2)(b), which provides that an “insurance company issuing a policy of motor vehicle liability insurance as required by this section shall furnish to the insured an insurance card for each motor vehicle ....” Miss.Code Ann. § 63-15-4(2)(a) (Rev.2013) (emphasis added). Moreover, Section 63-15-4(2)(a) requires that “[ejvery motor vehicle operated in this state shall have an insurance card maintained in the motor vehicle as proof of liability insurance....” Miss.Code Ann. § 63-15-4(2)(a) (Rev.2013) (emphasis added). Given this express statutory language, the Court held that the “mandatory liability insurance requirement pertains to vehicles, not owners or operators.” Lyons, 138 So.3d at 890. Every operating motor vehicle in Mississippi therefore must meet the statutorily required minimum-coverage requirements of $25,000 for injury to one person, $50,000 for injury to two or more people, and $25,000 for property damage. Id., accord Miss.Code Ann. § 63-15-3(j) (Rev.2013). Thus, a liability policy which purports to exclude the statutorily required minimum coverage for certain drivers “fails to comply with the statutory mandate.” Id.
¶ 28. To resolve this case, this Court should determine whether the Busby vehicle was insured, not whether the driver, William Hunter Busby, was insured. It is uncontested that Michelle Busby had pur *247 chased from Safeway an automobile liability insurance policy covering the 2003 Chevrolet Silverado truck. The minimum-coverage requirements were in compliance with the statute. That vehicle, therefore, was covered by the policy in accordance with Mississippi law.
¶29. Safeway argues that Lyons and Section 63-15-4(2) do not abrogate an insurance company’s common law right to void an insurance policy due to material misrepresentations. It also argues that no Mississippi law prohibits an insurance company’s rescission of an insurance contract for material misrepresentations. But the duty to provide minimum-limits liability insurance coverage for a covered vehicle is absolute. Id.
¶ 30. A common rule of statutory construction is expressio unius est exclusio alterius, or “expression of the one is exclusion of the other.” See McCoy v. McRae, 204 Miss. 309, 317, 37 So.2d 353 (Miss.1948). This Court has explained this familiar principle: “where a statute enumerates and specifies the subject or things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned or under a general clause.” Southivest Drug Co. v. Howard Bros. Pharmacy of Jackson, Inc., 320 So.2d 776, 779 (Miss.1975) (citing Akers v. Estate of Johnson, 236 So.2d 437 (Miss.1970)). With regard to the statute at issue, this Court held in Lyons that “the Legislature passed a lawful statute that unequivocally requires automobiles to maintain minimum-liability coverage in the amount of $25,000.” Lyons, 138 So.3d at 890. Moreover, the Court held that the statute at issue did not contain or authorize any exclusions. Id. The Legislature therefore “possesses the sole power to authorize such exclusions, and automobile insurers are not free to escape the statutorily required minimum-liability coverage simply by inserting an exclusion of their choice — no matter how well-reasoned— into their policies.” Id. This Court further reasoned that “[rjequirements are just that — requirements—and nothing in the statute suggests that exceptions exist, or that insurance companies are authorized to include them in their policies.” Id. at 891. In light of the Legislature’s refusal to grant an exception to mandatory minimum coverage for vehicles and this Court’s holding in Lyons, it is clear that Safeway is not at liberty to rescind coverage purchased from it for a vehicle, even if the reason for the rescission may otherwise be justified under traditional contract law. If the Legislature had intended to allow automobile insurance companies an exception to their obligation to pay the mandatory minimum-liability limits for a party’s material misrepresentation, it could have included such an exception in the statutory language. It did not, which renders Safeway’s claimed exception an invalid exclusion.
¶ 31. Safeway also argues that, under the terms of the insurance policy between itself and Michelle Busby, it is allowed to void the contract if it discovers material misrepresentations on the part of Busby.[29] First, it is clear that Mississippi statutes *248 supersede rules of traditional contract law and interpretation: “[i]t is well settled in Mississippi that in the event of a conflict between the language of an automobile liability insurance policy and the statutory requirement, the statutory provisions are incorporated into and become part of the policy.” State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co., 601 F.Supp. 286, 289 (S.D.Miss.1984) (internal citations omitted). Furthermore, parties are not at liberty to enforce contract provisions which contradict Mississippi law and public policy. Smith v. Simon, 224 So.2d 565 (Miss.1969) (“There is no doubt that the courts have the duty and the power to declare void and unenforceable contracts made in violation of law or in contravention of the public policy of the state.”). Finally, Safeway’s argument ignores this Court’s holding in Lyons. In Lyons, the party who incurred the damages was specifically excluded from the terms of the contract, and the Court held that the insurance company still was required to provide minimum-limits liability insurance coverage. Lyons, 138 So.3d at 891. Therefore it is clear that, insofar as Safeway’s Fraud and Misrepresentation policy clause contradicts Mississippi’s law requiring minimum-liability coverage, Mississippi law takes precedence over the contrary provisions of the insurance contract and renders them invalid.
¶ 32. Moreover, it is not established in the record that the alleged misrepresentation, that William Busby was a member of Michelle Busby’s household, was material. We have held that a “a representation, if substantially true and not material to the risk, will not invalidate the policy in the absencé of fraud.” National Cas. Co. v. Johnson, 219 Miss. 1, 67 So.2d 865, 867 (1953). Here, Safeway has not proven that the omission of William Busby was material to the risk assumed by the company nor has it proven that Michelle Busby engaged in fraud in her execution of the policy application. Although Safeway insurance introduced evidence after it sought to void Michelle Busby’s policy that showed her rate would have been 209% higher if she had listed William Busby on her policy application, there is no evidence in the record that Michelle Busby knew, at the time she executed her insurance application, that the omission of William Busby had any effect on the terms or cost of her policy. Without proof in the record that the parties mutually knew that this was a material term in the policy application or that it materially affected the risk assumed by the insurance company, it cannot be deemed material post-hoc, merely because the insurance company says it would have acted in a different way as a result.
¶ 33. Safeway is not divested of its ability to control, within the bounds of applicable laws and regulations, the language of its insurance contracts. This Court has held that “[t]he parties indeed may negotiate-and automobile insurers may include-exclusions from coverage, so long as those exclusions do not emasculate the statutorily required minimum coverage.” Lyons, 138 So.3d at 891. Insurance companies are even allowed to void their policies for parties’ material misrepresentations. Furthermore, they are entitled to deny coverage in excess of the statutory minimum after the discovery of a material misrepresentation. See id. But they are prohibited from doing so when it prevents an aggrieved party from recovering damages from the minimum-liability insurance limits. See id.
¶34. It is clear that Mississippi law, without exception, requires minimum-liability insurance limits for all over-the-road *249 motor vehicles.[30] Moreover, inasmuch as an insurance company was not permitted to void coverage for a specifically excluded driver in Lyons, it follows that a carrier cannot void coverage based on a misrepresentation, material or otherwise, or omission in the identification of the drivers in the household over the age of fourteen years. I therefore respectfully dissent.
KING, J., JOINS THIS OPINION.

. The policy issued to Busby states:
The statements made by you in the application are deemed to be warranties. Any false or misleading information provided by you on the application to us which materially affects the acceptance or rating of the risk by us, by either direct misrepresentation, omission, concealment of facts or inconsistent statements, will result in your policy being null and void from its effective date. This paragraph shall also apply to misstatement of use and omission of fact. We do not provide coverage for any insured who has made fraudulent statements engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.
(Emphasis in original.)

. In a very narrow exception to the State's mandatory liability insurance statutes, certain parties are allowed to self-insure:
(1) Any person in whose name more than 25 motor vehicles are licensed may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the department as provided in subsection (2) of this section.
(2) The department may, in its discretion, upon the application of a person, issue a certificate of self-insurance when it is satisfied that such person is possessed and will continue to be possessed of ability to pay judgments obtained against such person.
(3)Upon not less than five days notice and a hearing pursuant to such notice, the department may upon reasonable grounds cancel a certificate of self-insurance. Failure to pay any judgment within thirty days after such judgment shall have become final shall constitute a reasonable ground for the cancellation of a certificate of self-insurance.
Miss.Code Ann. § 63-15-53 (Rev.2013).