# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-IA-00913-SCT

**SAFEWAY INSURANCE COMPANY**

*v.*

**TIFFANY DUKES, ROBERT LEE HUDSON,
TAWANDA L. WHITE, AS MOTHER AND NEXT
FRIEND OF JEFFREY L. PIGGS, A MINOR
CHILD**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/17/2014 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| TRIAL COURT ATTORNEY: | LAWRENCE JOHN TUCKER, JR. |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JEREMY TRISTAN HUTTO |
| | WILLIAM H. CREEL, JR. |
| | JOSEPH WALTER GILL |
| ATTORNEY FOR APPELLEES: | ADRIENNE LEIGH HINTON |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND RENDERED - 12/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND COLEMAN, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     Safeway Insurance issued Tiffany Dukes an automobile insurance policy on her car.

Dukes's boyfriend, Robert Hudson, not named on the policy, was driving Dukes's car when

he was involved in an accident that injured Jeffrey Piggs.  Dukes sought coverage for the

accident under her policy, but Safeway disputed coverage, claiming the policy was void due

to Dukes's failure to list Hudson as a regular, frequent driver on her application for

insurance. The trial court granted Safeway partial summary judgment because Dukes and Hudson refused to cooperate with Safeway's investigation; however, the trial court also found that Safeway was responsible, under *Lyons v. Direct General*, 138 So. 3d 887 (Miss. 2014), to provide $25,000 of liability coverage, even though Hudson was not listed as a regular, frequent driver on the policy. Following the trial court's denial of a motion for reconsideration, Safeway appealed, via petition for interlocutory appeal, to the Court. We reverse and render summary judgment in Safeway Insurance's favor.

## Factual Background and Procedural History

¶2.     Dukes applied for car insurance with Safeway in March 2012. The application provided: "Applicant warrants that all regular, frequent drivers . . . are listed below . . . ." Dukes listed only herself and signed the application warranting that there were no other "regular, frequent drivers." Safeway issued a policy to Dukes. In June 2012, Hudson was driving Dukes's car, with her permission, when he hit four-year-old Jeffery Piggs. Dukes was in the car also when the accident occurred. Piggs suffered injuries, and through his mother, Piggs sued Hudson.

¶3.     Dukes filed a claim with Safeway and, on the claim form, she indicated that Hudson was a regular driver of her car. Safeway defended Hudson under a reservation of rights. Safeway filed an intervening third-party complaint for declaratory judgment against Dukes, Hudson, and Piggs's mother, Tawanda White. Neither Dukes nor Hudson responded to Safeway's complaint; therefore, the trial court entered a docket entry of default against them. Safeway then filed a motion for summary judgment.

2

¶4.	In the motion for summary judgment, Safeway asserted that Dukes had made a false representation on her application because she did not list Hudson as a regular driver.   Such action or inaction, according to Safeway, made Dukes's policy void due to the false warranty and material misrepresentation.  Safeway maintained that, had Dukes listed Hudson on the application, it would have issued the policy with a much higher premium (213 percent higher).  Safeway also took issue with Dukes's and Hudson's refusal to cooperate with its investigation and defense.   Safeway asked the trial court to grant summary judgment declaring the policy void ab initio.

¶5.	The trial court issued an order granting in part and denying in part Safeway's motion for summary judgment.[1]  The trial court found that Dukes and Hudson had failed to cooperate with Safeway and that Dukes's failure to list Hudson on the application was a false warranty and/or material misrepresentation.  However, the trial court held that, under *Lyons*, Safeway was required to provide $25,000 of liability coverage.  The trial court wrote:

> Under the dictates and rationale of *Lyons*, the attempted exclusion of driver Robert Hudson, even for breach of the policy due to failure to cooperate and/or misrepresentations is not permitted. Even if Hudson had been listed as a excluded driver and with the insured's permission, drove the vehicle and was involved in an accident, the exclusion would not and does not apply to the first $25,000.00 of liability coverage.

> As to any amounts over and above the $25,000.00 minimum coverage amount, this court finds there is no genuine issue of material fact that Dukes made a false warranty and a misrepresentation as to frequent drivers. These were material to the contract. Further, Dukes failed to cooperate with Safeway. The false warranty, misrepresentation and failure to cooperate precludes coverage

---

[1] Apparently there was a hearing on the motion for summary judgment, but the transcript is not in the record. *See* Order, referencing hearing on February 18, 2014.

under the policy as a matter of law, above the minimum statutory coverage amount of $25,000.00.

Safeway filed a motion for reconsideration, which the trial court denied.[2] Then, Safeway filed a petition for interlocutory appeal, which the Court granted on July 29, 2014.

## Discussion

¶6. A trial court's disposal of a motion for summary judgment is reviewed de novo. *Strait v. McPhail*, 145 So. 3d 664, 668 (¶10) (Miss. 2014) (citations omitted). The grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c).

### A. Whether the policy is void under *Lyons v. Direct General*.

¶7. Safeway asserts that the trial court erroneously relied on *Lyons v. Direct General*, 138 So. 3d 887, and that *Lyons* does not control the instant case. We agree. In *Lyons*, the Court held that the mandatory insurance requirement of Mississippi Code Section 63-15-4 "pertains to vehicles, not owners or operators." *Lyons*, 139 So. 3d at 890 (¶17). Thus, "every vehicle operated within this State must have the statutorily required minimum-coverage requirements . . . [and a] liability policy that purports to exclude that coverage for certain drivers fails to comply with the statutory mandate." *Id.* Safeway argues that, while *Lyons* held that named-driver exclusions are void up to the minimum coverage requirements, *Lyons* did not abolish

_____

[2] Apparently the trial court held a hearing on the motion to reconsider, but the transcript is not in the record. *See* Order, referencing hearing on June 2, 2014.

4

an insurer's "common law right to void an insurance policy due to material misrepresentation/false warranty." Distinguishing *Lyons* from the instant case, Safeway writes:

> Safeway respectfully submits that the trial court was incorrect because Safeway is not seeking to enforce an exclusion to deny coverage, such as in *Lyons*. Rather, Safeway is requesting that the subject policy be held void *ab initio* which would invalidate the policy as if it *never existed* in the first place because it was obtained through materially false and misleading information and there was never any meeting of the minds. Contrary to the trial court's implication, this is not a distinction without a difference. "[T]he contractual defenses of rescission and exclusion are distinct," and "[t]hey must be analyzed pursuant to separate principles." *XL Specialty Ins. Co. v. Level Global Investors, L.P.*, 874 F. Supp. 2d 263, 280 (S.D.N.Y. 2012).
>
> An insurer's right to void a policy *ab initio* for fraud/material misrepresentations in the application relates to the formation of the contract itself, *i.e.* whether there was ever an actual meeting of the minds where one party obtained the contract through false warranties or misrepresentations. This is a completely different issue. In the context of a named driver exclusion, there is no actual misrepresentation because the insured has identified the "excluded" driver, which is different than a refusal to disclose the driver to the insurance company from the inception of the policy which prohibits the insurer from properly assessing the risk and determining the premium to charge before agreeing to issue the policy. The two issues are completely separate such that *Lyons*, which does not even mention policy rescission, cannot logically control the present case.

Safeway maintains that if the trial court's application of *Lyons* is correct, then there will be a financial incentive to fraudulently conceal the existence of other drivers, and there will be no consequences for that material misrepresentation.

¶8. First, after *Lyons* handed down, the Legislature amended the statute at issue, effective July 1, 2015. Section 63-15-3(j) now provides that "[l]iability insurance required under this paragraph (j) may contain exclusions and limitations on coverage as long as the exclusions

5

and limitations language or form has been filed with and approved by the Commissioner of Insurance." Miss. Code Ann. § 63-15-3(j) (Supp. 2015). Thus, *Lyons* has been overruled by statute.

¶9.     Second, we very recently and thoroughly addressed the same issue in our opinion in *Katrice Jones-Smith v. Safeway Insurance Company,* 174 So. 3d 240 (Miss. 2015). In the majority, Justice Dickinson wrote that, in *Lyons*, the Court held that "the named-driver exclusion violated Mississippi's statutorily imposed minimum-liability-insurance law" because Section 63-15-4(2)(a) required the insurance to issue an insurance card as proof that the policy provided the vehicle with the statutory minimum coverage. *Id.* at 242 (¶6). The *Jones-Smith* court explained that in *Lyons*, Direct General had issued an insurance card, which represented that the policy provided the statutory minimum coverage; therefore, the named-driver exclusion was unenforceable. *Id*. Justice Dickinson explained the distinction from the *Jones-Smith* case– as applicable to the instant case– as follows:

> Our analysis in *Lyons*, which assumed a valid insurance policy had been issued, prohibited the insurance company from excluding statutorily-required coverage, but it created no duty to issue a policy. It did no more than address an invalid exclusion within a valid insurance policy.
>
> By contrast, *the question in this case is not whether the terms of Michelle's policy with Safeway covered the accident, but whether the policy, itself, was voidable.*

*Id.* at 242 (¶7) (emphasis added). Again, Justice Dickinson reiterated that *Lyons* is not applicable to *Jones-Smith*, because in *Jones-Smith*, the policy was void.

¶10.    Consistent with the holding in *Jones-Smith*, we hold that the trial court correctly found "there is no genuine issue of material fact that Dukes made a false warranty and a

6

misrepresentation as to frequent drivers"; however, the trial court erred when it applied *Lyons*. The present case is analogous to *Jones-Smith* because the question is whether the policy itself is voidable, not whether the terms of the policy covered the accident. as was discussed in *Lyons*. Dukes's statement warranting that there were no other regular, frequent drivers is not literally true, thereby making her policy voidable. "[A]ny warranty that is not literally true will invalidate the policy."[3] *Jones-Smith*, 174 So. 3d at 245 (¶¶17-18). As the Court explained in *Jones-Smith*, *Lyons* "did no more than address an invalid exclusion within a *valid* insurance policy[.]" *Jones-Smith*, 174 So. 3d at 242 (¶7) (emphasis added). Since Dukes's insurance policy is void, it follows that *Lyons* has no application to the present case because there is not a valid insurance policy.

**B. Whether the policy is void based on Dukes's refusal to cooperate.**

¶11. Safeway also claims that it should be able to void coverage based on Dukes's and Hudson's refusal to cooperate; however, because the first issue is dispositive, we see no reason to address the issue of whether the policy is void due to Dukes's and Hudson's refusal to cooperate with Safeway's investigation.

**Conclusion**

¶12. We hold that the trial court incorrectly applied the holding in *Lyons* to the present case, since Dukes's policy was void due to her warranting that there were no other regular,

---

[3]Because it is a warranty and not a misrepresentation, the materiality of Dukes's failure to disclose Hudson is not an issue. *See Jones-Smith*, 174 So. 3d at 245 (¶¶17-18).

frequent drivers of her car when Hudson actually was a regular, frequent driver of her car. The portion of the trial court's judgment denying Safeway's motion for summary judgment is reversed, and summary judgment is rendered in favor of Safeway.

¶13.     **REVERSED AND RENDERED**.

     **WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, PIERCE AND KING, JJ., CONCUR.**